359 So.2d 616 (1978)
STATE of Louisiana
v.
Michael BURGE.
No. 61249.
Supreme Court of Louisiana.
May 22, 1978.
Rehearing Denied July 3, 1978.[*]
*617 A. J. Boudreaux, Staff Appeals Counsel, Indigent Defender Bd., 24th Judicial Dist., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Michael Cullen, Asst. Dist. Atty., Abbott J. Reeves, Research and Appeals, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant was charged by bill of information with armed robbery in violation of R.S. 14:64. Following a trial by jury defendant was found guilty as charged and was sentenced to thirty-five years at hard labor without benefit of parole, probation or suspension of sentence. On appeal defendant relies upon four assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENT OF ERROR NO. 1
In his first assignment of error defendant protests the trial court's denial of his motion for a new trial. After reviewing defendant's arguments we construe defendant's allegations to be in effect directed to the trial court's denial of his motion for a mistrial and for a new trial as these motions relate to the admission of testimony *618 concerning the circumstances surrounding defendant's arrest.
During defendant's trial it was revealed through the testimony of a member of the Baton Rouge Sheriff's office that when defendant was arrested he was carrying a gun and attempted to flee in an effort to prevent his arrest. Defendant contends that this testimony was irrelevant and prejudicial and thereby violated his right to a fair trial. We do not agree. The officer's testimony was relevant as it described the facts which surrounded defendant's arrest. It would have been unrealistic, and perhaps untrue, for the officer to have testified that on a given day and at a given time he made a simple uncomplicated arrest.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 2
In defendant's second assignment of error he contends that the trial court erred in refusing to allow him to change his original plea of not guilty and not guilty by reason of insanity to a single plea of not guilty.
A similar request was made in State v. Clark, 305 So.2d 457 (La.1974) wherein this Court held that a defendant may "withdraw the dual plea and substitute the single plea of `not guilty' at any time prior to the presentment of the indictment and defendant's responsive plea to the jury." In the present case, however, defendant did not make the request to change his dual plea until after the state and defense had completed their closing arguments to the jury. As such, defendant's request was untimely made and therefore, properly refused by the trial court.
This assignment lacks merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 4
In these assignments defendant alleges that the trial court erred in refusing to abstain from giving jury charges relative to insanity (assignment of error number three) and flight (assignment of error number four).
Relative to the charge of insanity defendant contends that the instruction effectively denied him due process of law and a fair trial as guaranteed him by the Louisiana Constitution in that the state's burden of proof was thereby lessened. He argues that the tendering of a plea of not guilty by reason of insanity amounts to an alternative admission of criminal conduct, and that his having failed to assert the insanity defense by proof during the trial thereby effectively lessened the state's burden of proving guilt beyond a reasonable doubt.
We find no merit in this contention. Irrespective of defendant's failure to introduce evidence in support of the plea of insanity, in light of the extant dual plea (see assignment of error number two) the trial judge was required to instruct the jury on insanity at the time of the offense.
Relative to the charge on flight defendant admits that flight from the scene of the crime is relevant to indicate consciousness of guilt. He further contends, however, that the flight in question could give no such indication of guilt as it was not flight from the scene of the crime, it having occurred twelve days after the commission of the crime. Consequently, he argues that the charge on flight should not have been given the jury. We cannot say that the defendant is incorrect when he says that there is a negligible degree of relevance where the flight occurs from other than the scene of the crime and some twelve days post-crime when a person is confronted by an arresting officer. Nonetheless we can find no prejudice whatever from the charge which the trial judge in fact gave to this jury. It was as follows:

FLIGHT
The court charges you, gentlemen, that the flight of an accused, or escape, or attempt to escape, on the part of an accused, taken alone, does not raise a *619 legal presumption of guilt. The fact of an accused having fled, or having actually escaped from custody, if proved, are merely facts in the case to be taken into consideration by the jury in connection with all the other facts in the case in determining the probabilities for or against the guilt of the accused. Flight, or an attempt to escape may be prompted by a sense of guilt, but not necessarily so. If you find that the accused fled, or attempted to escape, or did escape, it is for you to consider what was the motive of the flight, or the attempt to escape, or the escape.
These assignments lack merit.

Decree
For the foregoing reasons we hereby affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[*] Denial of rehearing set aside, see 359 So.2d 619.
[1] Assignments of error numbers five and six have neither been briefed nor argued by defendant and are therefore presumed abandoned. State v. Jones, 340 So.2d 563 (La. 1976).