362 So.2d 536 (1978)
STATE of Louisiana
v.
Joseph WILSON.
No. 61634.
Supreme Court of Louisiana.
September 5, 1978.
*537 Barry F. Viosca, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Nick Noriea, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
The Orleans Parish Grand Jury returned a two count indictment charging the defendant with distribution of heroin on April 10, 1975 and August 14, 1975. Wilson was found guilty as charged on the first count and guilty of attempted distribution on the second count; pursuant to the jury verdict the court imposed a sentence of life imprisonment without benefit of probation or parole for the first count and a twenty year concurrent sentence for the second count. Five assignments of error are considered upon the Court's review of Wilson's convictions and sentences.[1]

ASSIGNMENTS OF ERROR NOS. 1 AND 2
As filed in the record, these assignments complain the trial court erred in denying defendant the right to be tried by a fair and impartial judge and the right to a fair, impartial trier of the law.
The circumstances giving rise to Assignments Nos. 1 and 2 are these. Wilson originally waived his right to trial by jury, as Article I, § 17 of the Louisiana Constitution of 1974 authorizes a defendant in a noncapital case to do. Upon satisfying itself that Wilson's waiver was knowingly and intelligently made, the trial court called for opening statements. The content of the defense's opening statement revealed that the defense of entrapment would be urged. After hearing the opening statements the trial judge recognized that such a defense would render credibility a crucial issue and announced that he was predisposed to believe *538 the State's principal witness who had previously testified before him rather than the defense version, the general tenor of which the court felt it had heard when it reviewed the interrogation of a potential witness, conducted for the purpose of determining whether he would be allowed to assert his Fifth Amendment privilege. Based on his firm predisposition rendering fair and impartial consideration an impossibility, the trial judge recused himself, stating that he would request assignment of a judge from another parish to conduct the bench trial Wilson elected.
After being apprised that the proper procedure in the case of his recusal was appointment of another judge of the Criminal District Court, Parish of Orleans, the trial judge conducted a status hearing at which he stated his belief that appointment of another judge of the same court would place the defendant in the same position as if he himself tried the case.[2] The defense, while indicating agreement that the other judges of the court would likely share the bias expressed by the trial judge, expressed doubt that another judge would recognize or acknowledge the existence of such bias and respond by recusing himself. Because of its misgivings, the defense elected to remain in the original section of court, notwithstanding the judge's previously expressed reservations. The judge reiterated that his recusation was imperative if there was to be a bench trial, because of his opinion of the credibility of the witnesses. In response to the judge's steadfast position, the defense withdrew its election of a bench trial, despite its persistence in its desire to have the judge try the facts as well as the law, in order to avoid trial in other sections of the court. The court noted the defense objection to its decision maintaining the necessity for recusation. Three weeks later, the previously recused judge presided over the jury trial which resulted in Wilson's conviction.
As a general proposition, a judge's power and authority to act in a case terminates at the time he recuses himself. State v. Price, 274 So.2d 194 (La.1973). However, the cause for recusation in the instant case was the judge's stated inability to fairly and impartially decide the issue of the entrapment defense. Entrapment is a defense on the merits, a matter within the province of the trier of fact. State v. Murray, 357 So.2d 1121 (La.1978). The restoration of the jury mode of trial in this case, effected when Wilson withdrew his election of a bench trial, worked to neutralize the judge's bias. Absent a defense motion for a change of venue, by means of which the defense could have attempted to substantiate the existence of bias on the part of all the other judges of the Criminal District Court for the Parish of Orleans to which the trial judge alluded, Wilson's assent to a jury trial operated as a waiver of any right he may have had to complain of bias or prejudice. The facts and circumstances which are pertinent to these assignments fail to establish a denial of a right to a bench trial by a fair, impartial judge or denial of the right to a fair, impartial trier of law in the jury trial which took place. These assignments lack reversible merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 10
These assignments assert that two allegedly prejudicial comments by the prosecutor mandated the mistrial sought.
During opening statement the State's attorney noted that surveillance of the narcotics transaction which formed the basis of the second count of distribution charged had been conducted by a law enforcement official, Officer Brady, who died in a fire at Parish Prison and thus would not be *539 present to testify regarding his observations. Defense objected to these statements, claiming that the prosecutor was improperly arguing inferences in connection with a non-testifying witness. The court agreed with the objection, whereupon defense moved for a mistrial which was denied. Before permitting the State to resume its opening statement the court cautioned against statements regarding anything a non-testifying witness would have related. The denial of the mistrial sought is the subject of Assignment No. 3.
Assignment No. 10 is based on the denial of a mistrial sought after the State attempted to have its witness testify regarding the whereabouts of Officer Brady, who had conducted the surveillance of the August 14, 1975 transaction. The court sustained objection to the inquiry, but the State protested that the jury was entitled to the information. The ruling sustaining the objection was based on hearsay grounds, and was followed by the defense mistrial motion which the court denied.
In neither instance did the remarks of the prosecutor constitute grounds for mandatory mistrial under Article 770 or Article 775 of the Code of Criminal Procedure. In the first instance, the court admonished the state to refrain from attempts to outline matters about which no witness would testify. In the second case, the court also sustained the defense objection and disallowed hearsay testimony of Officer Brady's whereabouts.
Mistrial is a drastic remedy, unwarranted if not mandatory unless a trial error substantially prejudices the defendant, depriving him of a fair trial. State v. Russell, 352 So.2d 1289 (La.1977). No deprivation of a fair trial resulted from the prosecutor's remarks which are the subject of defendant's complaints. These assignments are without merit.

ASSIGNMENT OF ERROR NO. 12
After the trial court pronounced the sentence of life imprisonment "without benefit of parole, probation" as punishment for the crime of distribution of heroin, the defense objected, urging that the life sentence and the statute mandating it are unconstitutional. That objection is the subject of this assignment.
Before focusing attention on the subject matter of Assignment No. 12, the asserted unconstitutional excessiveness of the life sentence imposed for the crime of heroin distribution when committed by an addict, the Court notes, ex proprio motu, that the sentence imposed for distribution does not conform with the appropriate penalty provision of Louisiana Revised Statute 40:966 applicable to this prosecution. The applicable provision, that which existed prior to the statute's amendment in 1977 by Act 631, provided for a sentence of life imprisonment at hard labor and allowed, as an option, the imposition of a fine. The statute then did not bar parole or probation. Thus, the sentence pronounced exceeded the statutory requirements. We are thereby prompted to set aside the sentence and remand for sentencing in strict conformity with the applicable penalty provision of the statute Wilson was found to have violated. See State v. Lindsey, 351 So.2d 1178 (La. 1977).[3]
In the past, the Court has repeatedly held that the mandatory life sentence for heroin distribution set forth in Louisiana Revised Statute 40:966 does not constitute cruel, excessive and unusual punishment in violation of the United States and Louisiana Constitutions. State v. Sykes, ___ So.2d ___ (La.1978) *540 No. 61,403; State v. Hopkins, 351 So.2d 474 (La.1977); State v. Whitehurst, 319 So.2d 907 (La.1975). However, the Court recently granted writs in State v. Terrebonne, 359 So.2d 199 (La.1978) and State ex rel Mallery v. Blackburn, 360 So.2d 875 (La.1978) in order to review the excessiveness claims previously rejected. In both cases, the defendants were apparently addicts, as Wilson professes to be; the Court's inquiry in the Terrebonne and Mallery cases will focus on excessiveness as it relates to this class of heroin distributors. See State v. Terrebonne, 354 So.2d 1356 (La.1978) (Tate, J., concurring opinion).
Upon resentencing in the trial court, Wilson will have the opportunity to urge the excessiveness of the legal sentence imposed and seek this Court's review on the issue at that time.

Decree
For the reasons hereinabove stated, the defendant's convictions and his twenty year sentence for attempted distribution are affirmed; the sentence imposed for the crime of distribution is vacated and set aside, and the case is remanded to the district court for resentencing in accordance with the applicable provisions of Louisiana Revised Statute 40:966.
CONVICTION AND SENTENCE FOR ATTEMPTED DISTRIBUTION OF HEROIN AFFIRMED; CONVICTION FOR DISTRIBUTION OF HEROIN AFFIRMED BUT SENTENCE SET ASIDE, AND CASE REMANDED FOR RE-SENTENCING.
NOTES
[1] The defense filed thirteen assignments of error but Assignments Nos. 4, 5, 6, 7, 8, 9, 11 and 13 are not briefed and are therefore considered abandoned. State v. Burge, 359 So.2d 616 (La. 1978).
[2] The State's principal witness, Officer Larry Taplin, functioned in an undercover capacity over a period of time in connection with a major law enforcement drug campaign, Operation Topcat. Numerous arrests and narcotics prosecutions were the outgrowth of this law enforcement effort; in connection therewith Taplin testified on innumerable occasions, apparently in every section of Criminal District Court. His repeated appearances in the various sections of court were felt by the judge to create bias in the State's favor in cases where there would be reliance upon his testimony.
[3] The transcript of the sentencing reveals that the trial judge had considered placing Wilson on probation; thus, the sentence imposed did not preclude probation consideration, but merely decided the matter adversely to defendant. The judge did pronounce sentence "without benefit of parole". Louisiana Revised Statute 15:574.4B provides unequivocally that no inmate serving a life sentence shall be eligible for parole consideration until his life sentence has been commuted to a fixed term of years. Notwithstanding the fact that, by operation of other law, parole consideration would actually be withheld from this defendant laboring under the disability of a life sentence, we require that sentence be pronounced in conformity with the applicable penalty provision.