472 So.2d 130 (1985)
STATE of Louisiana
v.
Ernest A. WHITE.
No. 85-KA-66.
Court of Appeal of Louisiana, Fifth Circuit.
June 3, 1985.
*131 Martha E. Sassone, Staff Appellate Counsel, Twenty-Fourth Judicial Dist., Indigent Defender Bd., Gretna, for appellant.
John M. Mamoulides, Dist. Atty., Twenty-Fourth Judicial Dist., Jefferson Parish, Abbott Reeves, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for appellee.
Before CHEHARDY, GAUDIN and GRISBAUM, JJ.
CHEHARDY, Judge.
Defendant, Ernest A. White, appeals his conviction by a jury of violation of LSA-R.S. 14:69, illegal possession of stolen things valued at more than $100 but less than $500 (specifically, an outboard boat motor). He was sentenced to two years' imprisonment at hard labor and ordered to pay a fine of $1,000, plus a total of $102.75 in court costs and fees.
Although defendant filed three assignments of error in the district court, Assignments of Error Numbers 1 and 2 were not briefed or argued. Thus, we consider them to have been abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4; State v. Smith, 452 So.2d 251 (La.App. 5th Cir. 1984). Accordingly, we discuss only Assignment of Error Number 3, that there was insufficient evidence before the jury to support the verdict.
Defendant contends the State failed to prove beyond a reasonable doubt that defendant received the stolen goods and that these goods were ever in his possession. Specifically, defendant asserts that he was misidentified as the driver of the automobile in which the stolen motor was found. (He does not contest that the stolen motor was found in a car registered to him.) Defendant cites the alibi testimony of his nephew, Stanley Gordon, who testified that defendant was at his apartment on the night of April 7, 1984. Defendant himself testified at trial that he stayed at his nephew's apartment on that night and that when he got up in the morning and went downstairs to where his car had been parked, he discovered that it had been stolen during the night. Defense counsel introduced into evidence an April 8, 1984 report from the New Orleans Police Department, made on defendant's complaint of a stolen vehicle. Thus, contends defendant, the positive identification of him made by Gretna Police Officer Brian Gibson was mistaken.
Officer Brian Gibson testified that on April 8, 1984 at about 5 a.m. he and Officer Christiana were on a routine patrol eastbound on Fourth Street in the area of Weyer Street in Gretna. Officer Christiana told Officer Gibson he noticed something suspicious in the 300 block of Weyer. They turned their patrol car onto Weyer and encountered head-on an old Plymouth automobile occupied by three Negro males.
Officer Gibson stated he was sitting on the passenger side of the front seat of the patrol car, thus he was directly opposite the driver's seat of the other car. As they approached the suspicious automobile the police car's headlights were off. When they noticed that the other car's lights were off, too, Officer Christiana turned on the police car's headlights, on the high beams, and also turned on its spotlight. According to Officer Gibson, the other vehicle was well-illuminated and its occupants were clearly visible. The officers exited their patrol car with weapons drawn; as they did, the driver of the Plymouth and the rear-seat passenger both jumped out and ran. The third man, later identified as Frank Bartley, got out with his hands up and was apprehended by Officer Christiana. Officer Gibson gave chase to the escaping suspects, but lost them after they turned down an alley in a nearby apartment complex.
The officers searched the Plymouth and found an outboard motor in its back seat. It was later determined that the motor had been stolen from a boat parked nearby. The boat and motor were determined to belong to one William Thomas, who identified the stolen motor at the trial.
Officer Gibson identified the defendant, Ernest White, as the driver of the car. He stated there was absolutely no question in *132 his mind about the defendant's identity: The driver had been seated right in front of Gibson on that night and he got "a very good look at him," because both the headlights and the spotlight of the patrol car were trained on the Plymouth. When the officers learned the driver's name and obtained a photograph of him, they identified him as the driver of the car containing the stolen motor and proceeded to his residence to arrest him some ten days later. Officer Gibson stated they had learned the defendant's name through Frank Bartley, the captured suspect.
Under cross-examination Officer Gibson again asserted he had a very good view of the defendant and was sure the defendant was the person he had seen driving the Plymouth that night. He stated that before the two suspects broke and ran, he was staring at the driver for five to seven seconds in the very bright light of the patrol car's headlights and spotlight. He stated that defendant was not wearing glasses on the night of the incident but he was certain it was the same man. He was a rookie officer at the time, he said, and this was the first time he had been in a situation like that. Officer Christiana had told him to be careful, so all his attention was focused on White, seated behind the wheel of the other car. He was unable to describe specifically the clothes the suspect had been wearing on that night or to specifically point out what facial features or other physical attributes he noticed in particular, but insisted he was sure defendant was the right man.
A claim of insufficient evidence is judged by whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Camp, 446 So.2d 1207 (La.1984). Under the Jackson v. Virginia rationale, the State is required to negate any reasonable probability of misidentification to carry its burden of proof. State v. Long, 408 So.2d 1221 (La.1982).
To prove that it was White who committed the crime, the State presented Officer Gibson's identification of White. (Officer Christiana, who testified at the motion to suppress the evidence, was away on a training program at the time of trial and thus did not testify before the jury; therefore we do not consider the identification he made during the motion to suppress.) It is clear from his testimony that Officer Gibson had a full opportunity to view the defendant and he was positive White was the driver of the Plymouth that he had chased on the night in question. He testified that his attention was focused on the driver of the car, that his position in the police car was directly opposite the driver's seat of the Plymouth and that the area was brightly illuminated by the lights on the patrol car.
Despite the testimony of defendant and his nephew concerning his whereabouts on the night of the crime, it is apparent the jury decided to believe the prosecution's witness rather than the defendant and his witness. Where there is conflicting testimony about factual matters, the resolution of which depends on a determination of credibility of the witnesses, this is a matter of the weight of the evidence, not its sufficiency. State v. Richardson, 459 So.2d 31 (La.App. 1 Cir. 1984). The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, supra.
Considering the totality of the circumstances, we find no substantial likelihood the defendant was misidentified. We find the evidence sufficient to satisfy the standards set forth in Jackson v. Virginia, supra, and State v. Long, supra.
Finally, we find the evidence sufficiently established the elements of the offense of illegal possession of stolen things, specifically (1) the intentional possessing, procuring, receiving, or concealing (2) of anything of value (3) which has been the subject of any robbery or theft (4) under circumstances *133 which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses. R.S. 14:69.
At trial Officer Gibson testified that defendant was the driver of the car in which the stolen outboard motor was found and the car was shown to belong to defendant. Further, Officer Gibson testified, without objection from the defense, that Frank Bartley identified White as the driver of the Plymouth. The owner of the motor, Mr. Thomas, testified that he had bought it used for $400 and that it would cost in the area of $1,400 to replace it with a new motor or $600 to $700 to replace it with "another one just like that." He also testified that the chain that secured the motor to his boat had been cut. This testimony was buttressed by Officer Luke Labruzza, the police photographer who took pictures of the perpetrators' vehicle, the stolen motor and the boat. The evidence that the driver and one of the passengers bolted at the sight of the police is further proof of defendant's guilt. Flight is one factor in determination of guilt. State v. Burge, 359 So.2d 616 (La. 1978).
Viewing all the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.
For the foregoing reasons, the verdict of the jury and resulting judgment of the district court are affirmed.
AFFIRMED.