975 So.2d 836 (2008)
STATE of Louisiana, Appellee,
v.
Gregory FRANKS, Appellant.
No. 42,663-KA.
Court of Appeal of Louisiana, Second Circuit.
February 13, 2008.
*837 Carey J. Ellis, III, for Appellant.
Gregory Franks, pro se.
Paul J. Carmouche, District Attorney, Edwin L. Blewer, III, Catherine M. Estopinal, Assistant District Attorneys, for Appellee.
Before WILLIAMS, PEATROSS and DREW, JJ.
WILLIAMS, J.
The defendant, Gregory Franks, was charged by bill of information with possession of 400 grams or more of a Schedule II controlled dangerous substance, cocaine, in violation of LSA-R.S. 40:967 F(1)(c). The trial court adjudicated defendant a third felony offender and imposed the mandatory sentence of life imprisonment without benefit of parole, probation or suspension of sentence. Defendant appealed his conviction and his appellate counsel filed a motion to withdraw, together with a brief alleging that he could not find any non-frivolous issues to raise on appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176. Finding that counsel's brief was insufficient under State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, we instructed counsel to file a supplemental brief and *838 deferred consideration of the motion to withdraw. State v. Franks, 42,663 (La. App.2d Cir.12/3/07). Subsequently, counsel filed a brief alleging as error the district court judge's act of presiding over the jury trial after previously recusing himself from this case. Also, defendant filed a pro se brief alleging four assignments of error.
On this record, this court is unable to determine the merits of the defendant's claim regarding the initial recusal of Judge Michael Walker and the alleged subsequent nullity of his conviction and sentence, as per State v. Price, 274 So.2d 194 (La.1973) ("Any action taken by a recused judge is an absolute nullity."). See also In re Sassone, 07-0651 (La.6/29/07), 959 So.2d 859 (once a motion to recuse has been filed a judge has no power to act). However, we note that the supreme court in State v. Wilson, 362 So.2d 536 (La.1978) held that a previously recused judge may preside over the trial if something occurs thereafter to "neutralize" the cause for recusation.
Specifically, the record in this case does not reflect the reason for Judge Walker's initial recusal, the reason why the matter was subsequently reassigned to Judge Walker contrary to the procedure for such situations provided in LSA-C.Cr.P. art. 676, and whether any ground for recusation still existed at the time of that reassignment. In addition, the defendant never filed a motion to recuse nor objected to Judge Walker presiding at trial. Thus, an evidentiary hearing to develop the facts surrounding the recusal is necessary to determine whether the proceedings conducted thereafter are a nullity. In the interest of judicial economy, we have addressed in the attached appendix the defendant's remaining pro se assignments of error for which there is an adequate record for disposition and conclude that those assignments lack merit.

DECREE
Considering the foregoing, this matter is remanded to the district court with instructions to conduct an evidentiary hearing on the sole issue of the recusal of Judge Michael Walker. All of defendant's other assignments of error lack merit. The defendant shall be present at this hearing with court-appointed counsel, and the state shall be afforded the opportunity to respond. The district court shall conduct the hearing we now direct within 30 days of the finality of this opinion. The right to seek review of any judgment by a party adversely affected is hereby specifically reserved.
EVIDENTIARY HEARING ORDERED; REMANDED.

APPENDIX
The record shows that the indigent defender office was appointed to represent the defendant after he was charged with possession of 400 grams or more of cocaine. After a preliminary examination, the defendant was arraigned and entered a plea of not guilty. The indigent defender office was relieved and the defendant was represented by retained counsel. The defendant's pre-trial motion to appoint a sanity commission was granted and a sanity commission was appointed. Sanity reports were filed into the record and based upon those reports, the defendant was found competent to proceed to trial. The defendant's pre-trial motion to suppress his statements and the seized evidence was heard and denied. After a jury trial, the defendant was found guilty as charged.
Subsequently, the state filed an habitual offender bill charging the defendant as a fourth felony habitual offender. Following a hearing, the defendant was adjudicated a third felony habitual offender. The trial court imposed the mandatory sentence of life imprisonment without benefit of parole, *839 probation or suspension of sentence based on a finding that defendant's prior convictions and the instant conviction were all drug offenses punishable by 10 years or more at hard labor, in accordance with LSA-R.S. 15:529.1. This appeal followed.
Mental Capacity to Proceed
The defendant contends the trial court erred in failing to order the sanity commission members to evaluate him for Alzheimer's Disease. The defendant argues that the court's error prevented tests that would have shown he suffered from a mental disease that made him incapable of assisting his attorney in his defense.
Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense. LSA-C.Cr.P. art. 641. The law imposes a legal presumption that a defendant is sane and responsible for his actions. LSA-R.S. 15:432. The defendant has the burden of proving by a preponderance of evidence his incapacity to stand trial. State v. Frank, 96-1136 (La. 10/4/96), 679 So.2d 1365. A reviewing court owes the trial court's determinations regarding the defendant's competency great weight, and the trial court's ruling thereon will not be disturbed absent a clear abuse of discretion. State v. Bridgewater, 00-1529 (La.1/15/02), 823 So.2d 877, cert. denied, 537 U.S. 1227, 123 S.Ct. 1266, 154 L.Ed.2d 1089 (2003). The two-fold test of capacity to stand trial is whether defendant understands the consequences of the proceedings and has the ability to assist in his defense by consultation with counsel. State v. Bridgewater, supra; State v. Bennett, 345 So.2d 1129 (La.1977).
The decision as to a defendant's competency to stand trial should not turn solely upon whether he suffers from a mental disease or defect, but must be made with specific reference to the nature of the charge, the complexity of the case and the gravity of the decisions with which he is faced. State v. Bennett, supra; State v. Dupree, 41,658 (La.App.2d Cir.1/31/07), 950 So.2d 140. Appropriate considerations to determine the accused's awareness of the nature of the proceedings include whether he understands what defenses are available, whether he can distinguish a guilty plea from a not guilty plea and understand the consequences of each. Facts to consider in determining the accused's ability to assist in his defense include whether he can recall and relate facts pertaining to his actions and whereabouts at certain times, whether he is able to assist counsel in locating relevant witnesses and whether he has the ability to make simple decisions in response to well-explained alternatives. Bennett, supra; Dupree, supra.
In this case, the trial court appointed two psychiatrists, Dr. Richard Williams and Dr. George Seiden, as members of the sanity commission to evaluate defendant's mental condition. In his report, Dr. Williams noted that defendant stated there was a history of Alzheimer's Disease in his family, including his mother and maternal grandfather. Dr. Williams conducted a mental status examination and diagnosed defendant with an antisocial personality disorder. Dr. Williams opined that defendant was currently able to assist in his defense, that he could distinguish between the pleas of guilty and not guilty, could recall facts concerning his actions and was capable of testifying at trial.
Dr. Seiden also noted that defendant reported a family history of Alzheimer's Disease. Dr. Seiden stated that despite defendant's complaints of memory problems, he was able to recall facts about his *840 life and prior arrests during the interview. The mental status examination showed that defendant's concentration was intact and he was able to give specific answers to questions. Dr. Seiden diagnosed defendant with a learning disability and adult antisocial behavior. Dr. Seiden concluded that defendant met all of the Bennett criteria.
Both members of the sanity commission noted defendant's statement regarding a family history of Alzheimer's Disease. However, the results of the mental status examinations performed did not indicate that defendant himself suffered from that particular disease. The sanity commission adequately evaluated defendant's mental status with respect to his capacity to proceed to trial. Thus, we cannot say the trial court abused its discretion in concluding that the defendant was competent to stand trial. The assignment of error lacks merit.
Evidentiary Issue
The defendant contends the court erred in admitting hearsay testimony by the investigating police officer at trial. Defendant argues that his right to confront his accuser was violated by the officer's testimony about statements made by a confidential informant, who was not subject to cross-examination.
Hearsay is a written or oral assertion, other than one made by the declarant at trial, offered in evidence to prove the truth of the matter asserted. LSA-C.E. art. 801. Hearsay evidence is not admissible unless there is an exception provided by law. LSA-C.E. art. 802. The testimony of a police officer may encompass information provided by another individual without constituting hearsay if it is offered to explain the course of the police investigation and the steps leading to the defendant's arrest. State v. Maise, 00-1158 (La.1/15/02), 805 So.2d 1141; State v. Gulley, 42,237 (La.App.2d Cir.8/15/07), 963 So.2d 1063.
In the present case, Corporal Russell Sarpy, a Shreveport Police narcotics investigator, testified that an informant who possessed drugs had identified defendant as his supplier and had agreed to cooperate with police. Sarpy stated that he was present when the informant telephoned defendant to arrange the purchase of a kilo of cocaine in October 2003 at a drugstore in Shreveport. Sarpy explained that as a result of this information, he established surveillance of the defendant at his residence in Logansport, Louisiana, and observed defendant drive away in the direction of Shreveport. Sarpy stated that defendant's truck was later seen parked at a house in Shreveport and that police stopped defendant's vehicle as he was driving toward the location of the drugstore where the drug sale was to occur. Sarpy testified that after defendant was placed under arrest and advised of his Miranda rights, defendant stated that his truck contained a kilo of cocaine, which was seized by police.
The officer's testimony concerning the informant's statements was offered to explain the conduct of the police in placing defendant under surveillance as a suspected drug supplier and in stopping him on his way to the place where police believed the drug sale would occur. The defense attorney did not object to this testimony, but elicited information on cross-examination that the informant had identified defendant only after being arrested on drug charges himself. Based upon this record, we cannot say the trial court erred in admitting into evidence the informant's statements, which were offered not for their truth, but to explain the reason for the police officer's belief that defendant *841 possessed cocaine at the time of his arrest. The assignment of error lacks merit.
As previously noted, this court ordered defendant's appellate counsel to file a supplemental brief. Subsequently, counsel filed a brief alleging one assignment of error. Thus, defendant's remaining pro se assignment alleging that his counsel erroneously filed an Anders brief is moot.