37 So.3d 994 (2010)
STATE of Louisiana
v.
Lawrence JACOBS.
No. 2009-K-1304.
Supreme Court of Louisiana.
June 18, 2010.

*995 ON REHEARING
PER CURIAM.
Rehearing is granted to clarify that the matter is remanded to the court of appeal for its consideration of other issues raised by the defendant on appeal, but pretermitted in the appellate court's original analysis, including other Batson issues not previously addressed by the court of appeal or ruled on by this Court in its per curiam opinion.
Rehearing is otherwise denied. The Court finds unpersuasive the defendant's arguments regarding the merits of the Court's Batson analysis. Further, there is no merit to the defendant's assertion that two of the justices voting on the per curiam opinion should have been recused.
Our review shows that Justice Knoll recused herself in connection with the first degree murder charges originally brought against this defendant due to her familial relationship with a prosecutor in the Jefferson Parish District Attorney's Office who may have been involved in the previous first degree murder prosecution. See La.C.Cr.P. art. 671(A)(2). After review of the procedural history of the case, we find that Jacobs was again indicted on first degree murder charges on September 12, 2002, after this Court's reversal of his convictions and sentence, and after Justice Knoll's family member left the prosecutor's office. Thereafter, the charges were amended to second degree murder and Jacobs was arraigned on the amended charges.
Consequently, there was no basis for Justice Knoll to recuse herself after her family member left the employ of the prosecutor's office and a new prosecution, in which her family member could have had no involvement, was commenced.[1] We find analogous the case of State v. Robinson, 423 So.2d 1053 (La.1982), in which a judge, previously recused in a first degree murder prosecution, impanelled a new grand jury which returned a subsequent indictment against the defendant after the first degree murder indictment was quashed. While the Court's records show Justice Knoll may have abstained from voting at times when there was no reason for her recusal, the defendant was not prejudiced, as there were always sufficient votes for the Court's action. Moreover, this aspect of Justice Knoll's recusal is not raised here. We find that there were no grounds for Justice Knoll to recuse herself from voting on this Court's April 5, 2010 per curiam opinion.[2]
Finally, the issue which serves as the basis of the defendant's claim that Justice Guidry should be recused from voting in this matter is not properly before the Court. The defense contended in the court of appeal that proffered evidence, which includes a transcript of a hearing presided over by Justice Guidry when he was a district court judge in an entirely different criminal case, State v. Edward *996 Harris, should have been considered by the trial judge in this case. This assignment of error is one of the issues pretermitted by the court of appeal in its original analysis and has been remanded by this Court for consideration by the appellate court. Consequently, there is nothing before the Court which would prevent Justice Guidry from voting on the Court's April 5, 2010 per curiam opinion.
REHEARING GRANTED IN PART; OTHERWISE DENIED.
JOHNSON and WEIMER, JJ., would grant rehearing.
JOHNSON, J., dissenting.
I would grant the defendant's application for rehearing.
WEIMER, J., dissenting.
Because my original vote was to grant and docket this matter, I would grant the rehearing.
NOTES
[1] There has never been any inference that Justice Knoll has any sort of knowledge of this case outside of the record; her recusal was based strictly on her familial relationship.
[2] We find that the state's amendment of the original indictment, instead of the subsequent indictment, is immaterial to our analysis under the circumstances of this case.