MOORE, J.
 

 11 Gregory Franks appeals a judgment denying his motion to nullify all proceedings that occurred after the recused Judge Michael Walker resumed presiding over his criminal trial. We affirm.
 

 Franks was charged by bill of information with possession of over 400 grams of cocaine. The case was assigned to Section “5,” Judge Michael Walker. In July 2004, Franks retained counsel, Mr. John Cucci, who filed several pretrial motions. When Mr. Cucci made his first appearance on behalf of Franks, Judge Walker
 
 sua sponte
 
 recused himself from the case, stating only that it was “per his [Mr. Cucci’s] request.” The case was randomly reassigned to Section “3,” at the time Judge Jeanette Garrett but later rotated to Judge Scott Crichton. In January 2005, however, Franks appeared before Judge Crichton and announced that he had fired Mr. Cucci. Judge Crichton stated that the cause of Judge Walker’s recusal had been cured, so he transferred the case back to Section “5.”
 

 After trial in August 2005, a 12-member jury unanimously found Franks guilty as charged. The state then charged him as a habitual offender; the court adjudicated him a third felony offender and imposed the mandatory life at hard labor without benefits. These proceedings occurred in Section “5,” Judge Walker; Franks did not object. At the trial and all subsequent hearings, Franks had counsel other than Mr. Cucci.
 

 Franks appealed, urging
 
 inter alia
 
 that Judge Walker lacked the authority to preside over the case after his recusal. This court remanded for an evidentiary hearing to develop the reasons for Judge Walker’s initial recusal and the subsequent reassignment of the case back to him. We noted 12that any action taken by a recused judge is an “absolute nullity,”
 
 State v. Price,
 
 274 So.2d 194 (La.1973), but that a recused judge may preside over a case if something subsequently occurs to “neutralize” the cause of recusation,
 
 State v. Wilson,
 
 362 So.2d 536 (La.1978). We also rejected Franks’s alleged trial errors.
 
 State v. Franks,
 
 42,663 (LaApp. 2 Cir. 2/13/08), 975 So.2d 836.
 

 The hearing occurred on March 31, 2010, before Section “5,” Judge Craig Mar-cotte. Former Judge Walker did not appear, but assistant district attorney Jason Brown testified that he was one of the prosecutors who saw the case to completion. According to Mr. Brown, “There seemed to be an issue about their relationship, and Judge Walker had recused himself from all of John Cucci’s cases thereby necessitating the case being transferred to Section 3[.]” He further testified, “The only reason for the recusal from Section 5 would have been the acrimonious relationship between Judge Michael Walker and the attorney at the time, John Cucci.” The situation was such that Judge Walker “recused himself from all of John Cucci’s cases,” but “once Cucci was no longer involved with the case, I believe Judge Crichton felt there was no need for recusal and sent the case back to Judge Walker to handle in drug court.” Questioned by the court, Mr. Brown explained:
 

 
 *36
 
 To my knowledge, the recusal had nothing to do with the defendant himself or any of the facts of the case or circumstances. It only had to do with the fact that the attorney representing Mr. Franks at the time was an individual * ⅜ * that Judge Walker would not allow to practice in front of him and therefore recused him of all of his cases.
 

 |aMr. Brown concluded that during the trial and adjudication, Judge Walker made no adverse rulings that would have influenced the jury.
 

 By written ruling, the district court denied Franks’s motion to nullify all proceedings over which Judge Walker presided.
 

 Franks now appeals. Appellate counsel has filed a brief conceding that there are no assignable errors, and suggesting that once Mr. Cucci was off the case, the sole cause of Judge Walker’s recusation was removed; hence, under
 
 State v. Wilson, supra,
 
 he was competent to hear the case. The state has declined to file a brief.
 

 By
 
 pro se
 
 brief, however, Franks urges (without specific assignments of error) that the record still does not show why Judge Walker initially recused himself. He contends that Mr. Cucci failed to file a motion to recuse under La. C. Cr. P. art. 674, stating any grounds; the only evidence at the hearing was the testimony of Mr. Brown, “who gives only his assumption [sic], which are suspect,” as he was not one of the prosecuting attorneys; and that the state failed to call Judge Walker. He voices his belief that Judge Walker’s recu-sal “was, if not in whole, it was in part, because of the appellant” and suggests that he is the victim of fraud.
 

 Franks’s claims are completely unavailing. A judge may recuse himself, “whether a motion for his recusation has been filed by a party or not, in any case in which a ground for recusation exists.” La. C. Cr. P. art. 672. Simply put, recusation
 
 sua sponte
 
 is permitted.
 

 Further, when Judge Walker recused himself, he stated on the record that he did so “per his [Mr. Cucci’s] request.” The evidence at the hearing Lin March 2010 firmly establishes that rancor between Mr. Cucci and Judge Walker was the only reason for recusal. Once Franks fired Mr. Cucci, this neutralized the bias.
 
 State v. Jacobs,
 
 2009-1804 (La.6/18/10), 37 So.3d 994;
 
 State v. Wilson, supra.
 

 Although Mr. Brown was not the lead prosecutor, he testified without contradiction that he was “one of the prosecutors” who handled the case to completion. He had firsthand knowledge that because of their bitter relationship, Judge Walker recused himself from all of Mr. Cucci’s cases. There was absolutely no evidence that Judge Walker had any bias against Franks personally.
 

 Finally, after Judge Crichton transferred the case back to Judge Walker’s court, Franks proceeded to trial, a habitual offender hearing and various other appearances without once objecting. The failure to object waived his right to demand Judge Walker’s recusal.
 
 State v. Foster,
 
 156 La. 891, 101 So. 255 (1924);
 
 State v. Maten,
 
 2004-1718 (La.App. 1 Cir. 3/24/05), 899 So.2d 711,
 
 writ denied,
 
 2005-1570 (La.1/27/06), 922 So.2d 544. It equally waived his right to demand nullification of the proceedings.
 

 The district court did not err in refusing to nullify the proceedings. The judgment is affirmed.
 

 AFFIRMED.
 

 APPLICATION FOR REHEARING
 

 Before WILLIAMS, CARAWAY, DREW, MOORE and LOLLEY, JJ.
 

 Rehearing denied.