|T JOHNSON, J.,
dissents and assigns reasons.
The United States Supreme Court’s his-torie decision in Graham v. Florida, 560 U.S. -; 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) held that “for a juvenile offender who did not commit homicide, the Eighth Amendment forbids the sentence of life without parole.” Graham, 560 U.S. at -, 130 S.Ct. at 2030. Prior to Graham, the United States was the only nation in the world still adhering to the practice of sentencing juvenile offenders to life imprisonment without the possibility of parole for non-homicide offenses.[1] In the United States, only a handful of jurisdictions still impose life sentences without parole on juvenile offenders. Louisiana is one of eleven jurisdictions wherein juveniles are currently serving life sentences without parole for non-homicide offenses.[2] When Graham was decided, there were 129 juveniles in the United States serving sentences of life without parole for non-homicide offenses. Of | ?those, seventy-seven juveniles were serving sentences imposed in Florida. Of the remaining 53, who were imprisoned in just ten states, 17 were serving life sentences imposed in Louisiana for non-homicide offenses.[3]
The Supreme Court in Graham relied heavily on its prior analysis in the landmark ruling of Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), which abolished the death penalty for juvenile offenders, finding a violation of the Eighth Amendment’s ban on cruel and unusual punishment. The Court reasoned that a life sentence without the possibility of parole overlooks important distinctions between adults and juveniles and provides no hope for rehabilitation. The Court explained that a life sentence without parole “deprives the convict of the most basic liberties without giving hope of restoration, except perhaps by executive clemency— the remote possibility of which does not mitigate the harshness of the sentence.” Id., 560 U.S. at -, 130 S.Ct. at 2027 (citing Solem v. Helm, 463 U.S. 277, 300-301, 103 S.Ct. 3001, 3015, 77 L.Ed.2d 637 (1983)). The Court in Roper concluded that since juveniles have reduced culpability, punishment for juveniles must reflect their lesser blameworthiness, and in light of these innate characteristics of youth, juveniles offenders cannot be subjected to the harshest penalty reserved for the most depraved offenders. Id. at 569, 125 S.Ct. 1183.
Relators herein were all convicted for non-homicide offenses committed when they were juveniles, and sentenced to life imprisonment at hard labor. Dyer was specifically sentenced to life imprisonment, without benefit of parole, probation, or suspended sentence. Shaffer and Leason, were each sentenced to life imprisonment at hard labor.[4] While Shaffer’s and Lea- *933 son’s sentences do not explicitly exclude the ^possibility of parole, under Louisiana’s statutory scheme, it does not matter, since La. R.S. 15:547 provides that Shaffer and Leason are not eligible for parole except when the governor exercises his prerogative to commute the life sentence to a fixed term of years. See Bosworth v. Whitley, 627 So.2d 629, 635 (La.1993) (“[S]ince [R.S.] 15:574(B) provides unequivocally that no inmate serving a life sentence shall be eligible for parole, parole consideration will be withheld from these defendants, by operation of law, despite the fact that the applicable penalty provision did not include the words ‘without benefit of parole.’ ”) (citing State v. Wilson, 362 So.2d 536, 539 n. 3 (La.1978)). Rela-tors contend they are entitled to relief under Graham, because the possibility of clemency does not constitute a meaningful, realistic, opportunity for release. I agree.
This Court has the opportunity to carry out the mandate of Graham. Graham makes clear that the ad hoc exercise of the executive’s power of commutation does not afford juveniles sufficient protection, and such inmates have nowhere else to go for relief other than the judiciary. The relief provided by the majority, amounts to no relief at all. The order states:
We therefore amend the sentence of relator Dyer to delete the restriction on parole eligibility. The Department of Corrections is directed to revise relator Dyer’s prison master to reflect that his sentence is no longer without benefit of parole. Further, the Department is directed to revise relators’ prison masters according to the criteria in La.R.S. 15:574.4(A)(2) to reflect an eligibility date for consideration by the Board of Parole. We reiterate that this Court is not ordering relators released on parole. The determination of whether relators may be released on parole falls within the ^exclusive purview of the Board of Parole, charged with the duty of ordering parole “only for the best interest of society, not as an award of clemency,” La. R.S. 15:574.4.1(B), and access to the Board’s consideration will provide rela-tors with the “meaningful opportunity” for release that Graham requires.
The problem is that there is no way to calculate a parole eligibility date for a life sentence. This order does not sufficiently address the Graham directive to allow for the possibility of parole for juvenile non-homicide offenders. To satisfy the dictates of Graham, I would remand these three cases to the district court, and order that relators be re-sentenced to a fixed term of years, which can be used as the basis for calculating the eligibility date for parole.

. Connie de la Vega & Michelle Leighton, Sentencing our Children to Die in Prison, 42 U.S. F.L.Rev. 983, 989-1007 (2008).

. The twelve U.S. jurisdictions which impose juvenile life sentences without parole for non-homicide crimes are: Florida, Louisiana, Mississippi, Virginia, Oklahoma, South Carolina, Iowa, California, Nebraska, Delaware, Nevada, and the federal jurisdiction.

. Graham, supra. P.G. Annino, D.W. Rasmussen, & C.B. Rice, Juvenile Life without Parole for non-Homicide Offenses: Florida Compared to the Nation, Public Interest Law Center, College of Law, Florida State University (2009).

. In 1981, Michael Dyer was found guilty by jury of aggravated rape, a crime committed when he was 17 years old. Dyer was sentenced to life imprisonment at hard labor (without benefit of parole, probation, or suspended sentence.) His sentence was affirmed by this Court. State v. Dyer, 420 So.2d 686 (La.1982).
*933 In 1971, Matthew Shaffer was found guilty of aggravated rape, a crime committed when he was 16 years old. The jury sentenced him to death. This Court vacated the sentence and remanded to the district court for resen-tencing. State v. Shaffer et al., 260 La. 605, 257 So.2d 121 (1971). The district court re-sentenced Shaffer to life imprisonment at hard labor.
In 1965, Willie Leason pleaded guilty to aggravated rape. Leason committed the crime when he was 17 years old. The court sentenced him to life imprisonment at hard labor.