WILLIAMS, J.
hThe defendant, Clarence Smith, Jr., was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. Following a jury trial, he was convicted of first degree robbery, a lesser included offense. He was adjudicated a second-felony offender and sentenced to serve 70 years in prison at hard labor, without benefit of parole, probation or suspension of sentence. He was also ordered to pay restitution in the amount of $810. For the following reasons, we affirm.
FACTS
On March 28, 2009, Otto J. Doucet received a “rapid refund” income tax refund in the amount of $880. Doucet’s friend drove him to a check cashing establishment on Louisville Avenue in Monroe, Louisiana to cash the check. Doucet left the establishment with approximately $860 in cash. Doucet and his friend then went across the street to a gas station/convenience store, where Doucet purchased $30 in gas and two soft drinks. While inside the store, Doucet encountered the defendant and three other men who asked Dou-cet whether he did any drugs; Doucet responded, “No.”
When Doucet left the store, the defendant and his accomplices asked Doucet if he wanted to purchase a CD. As Doucet peered into the rear door of their vehicle to view the CDs, he was pushed inside and the door was shut behind him. While Doucet was inside the vehicle, one of the accomplices held a gun on Doucet while the defendant forcibly took more than $800 from Doucet. After exiting the vehicle, Doucet got into his friend’s vehicle and told him that he had been robbed. Doucet and his 12friend pursued the assailants’ ve- *487 hide, and the defendant placed a 9-1-1 call.[1]
Following an investigation, the defendant’s brother, James Smith, was arrested. Smith admitted to being inside the vehicle when the robbery occurred and implicated the defendant. The defendant was arrested and charged -with armed robbery with the use of a firearm. Following a jury trial, the defendant was convicted of first degree robbery, a lesser included offense. Thereafter, the state filed a habitual offender bill of information, charging the defendant as a second-felony offender. Following a hearing, the defendant was adjudicated a second-felony offender and was sentenced to serve 70 years in prison at hard labor, without the benefit of parole, probation or suspension of sentence. He was also ordered to pay restitution in the amount of $810.
The defendant appeals.
DISCUSSION

Jury Instructions

The defendant contends the trial court gave an improper jury instruction on the reasonable doubt standard, thereby denying him of his right to a fair trial. He argues that the “beyond reasonable doubt” instruction given in this case suggests a higher degree of doubt than what is required for an acquittal under the reasonable doubt standard.
In the instant case, the trial court instructed the jury as follows:
[[Image here]]
[sThe burden is entirely upon the State to prove the defendant’s guilt beyond a reasonable doubt. This does not mean that the State must prove the defendant guilty beyond a shadow of doubt. The standard is beyond a reasonable doubt.
It is the duty of the jury in considering the evidence, or lack thereof, to apply to that evidence the law as given by the Court and to give the defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence. It is the duty of the jury, if not convinced of the guilt of a defendant beyond a reasonable doubt as to any fact or element necessary to constitute the defendant’s guilt, to give him the benefit of that doubt and return a verdict of not guilty. And even where the evidence demonstrates probability guilty, yet, if it does not establish it beyond a reasonable doubt, you must find him not guilty. This doubt must be a reasonable one; that is, one founded upon a real and substantial basis and not upon mere possibility, conjecture, or whim. It is not a doubt concocted in your mind out of a feeling of sympathy for the defendant to escape the just penalty of the law. Instead, it is a doubt arising out of the evidence or lack of evidence in the case. If, after giving a fair and impartial consideration to all facts in the case, you find the evidence or lack of evidence unsatisfactory upon any single point indispensably necessary to constitute the defendant’s guilt, this would give rise to such a reasonable doubt as would justify you in rendering a verdict of not guilty. On the other hand, if you have no reasonable doubt and the State has convinced you of the defendant’s guilt, your duty then is to render a verdict of guilty.
[[Image here]]
Unless objected to contemporaneously, an irregularity or error in the *488 charge to the jury may not be asserted on appeal. LSA-C.Cr.P. art. 801(C). Although the procedural law set forth in LSA-C.Cr.P. art. 801 states that the failure to assert a timely objection waives the issue on appeal, the jurisprudence has carved out an exception to this rule where such alleged trial errors raise overriding due process considerations. State v. Williamson, 389 So.2d 1328 (La.1980); State v. Lowery, 33,905 (La.App.2d Cir.2/28/01),4 781 So.2d 713, writ denied, 2001-1041 (La.2/22/02), 809 So.2d 978. To determine whether such an overriding consideration is implicated, it is necessary to examine the instruction in light of the requirements of the Due Process Clause. In Victor v. Nebraska, 511 U.S. 1, 5, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994), the United States Supreme Court explained:
The beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course. Indeed, so long as the court instructs the jury on the necessity that the defendant’s guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government’s burden of proof. Rather, taken as a whole, the instructions [must] correctly conve[y] the concept of reasonable doubt to the jury.
In State v. Smith, 91-0749 (La.5/23/94), 637 So.2d 398, cert. denied, 513 U.S. 1045, 115 S.Ct. 641, 130 L.Ed.2d 546 (1994), the jury was given the following charge on the “beyond reasonable doubt” standard:
[[Image here]]
If you entertain any reasonable doubt as to any fact or element necessary to constitute the defendant’s guilt, it is your sworn duty to give him the benefit of that doubt and return a verdict of acquittal.
[[Image here]]
This doubt must be a reasonable one, that is one founded upon a real, tangible, substantial basis and not upon mere caprice, fancy or conjecture. It must be such a doubt as would give rise to a grave uncertainty raised in your minds by reason of the unsatisfactory character of the evidence; one that would make you feel that you had not an abiding conviction to a moral certainty of the defendant’s guilt.
[[Image here]]
A reasonable doubt is not a mere possible doubt. It should be an actual or substantial doubt. It is such a doubt as a reasonable person would seriously entertain. It is a serious doubt for which you could give a good treason.
Id. at 399. After deliberating for approximately three hours, the jury found Smith guilty as charged of second degree murder. The defense did not make a contemporaneous objection to the jury charge, but appealed Smith’s conviction arguing that the beyond reasonable doubt charge was unconstitutional.
In interpreting the decisions in Victor, supra, and Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) (overruled on other grounds by Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)),[2] the Louisiana Supreme Court has stated:
*489 Terms like “moral certainty” and “substantial doubt” were included in the Victor jury charges, and they have passed constitutional muster in this most recent expression on the reasonable doubt instructions by the United States Supreme Court. However, while Cage focused on the presence of the suspect terms in the instruction, the Victor court considered the relationship of the terms to the instruction as a whole to determine whether the jurors were reasonably likely to have misapplied the instruction. The Court found that each charge (and the same can be said although perhaps to a lesser degree regarding the Cage instruction) contained an interplay of concepts and supplemental instructions which put the reasonable doubt focus in a proper perspective.
State v. Smith, supra. Citing Victor, supra, the supreme court concluded that “considering the instruction as a whole,” the jury instruction was not constitutionally deficient.
lfiIn the instant case, we find that the jury instruction did not violate the defendant’s right to a fair trial. Taken as a whole, the instruction correctly conveyed the concept of reasonable doubt to the jury and did not suggest a higher degree of doubt than that required under the reasonable doubt standard. This assignment lacks merit.

Habitual Offender Adjudication

The defendant contends the evidence was insufficient to determine that he was a second-felony offender. He argues that the state only proved that the same individual made the fingerprints on the booking cards for the two offenses listed in the habitual offender bill of information, but did not prove that he was that individual.
To prove that a defendant is a habitual offender, the state, among other things, must establish by competent evidence, that there is a prior felony conviction and that the defendant is the same person who was convicted of that prior felony. State v. Chaney, 428 So.2d 1092 (La.1982); State v. Winslow, 45,414 (La. App.2d Cir.12/15/10), 55 So.3d 910. The Louisiana Supreme Court has repeatedly held that LSA-R.S. 15:529(F) does not require the state to use a specific type of evidence to carry its burden at a habitual offender hearing and that prior convictions may be proven by any competent evidence. State v. Linsdey, 99-3302 (La.10/17/00), 770 So.2d 339; State v. Winslow, supra.
In State v. Payton, 2002-2899 (La.3/15/02), 810 So.2d 1127, 1130-31, the supreme court stated:
To obtain a multiple offender conviction, the State is required to establish both the prior felony conviction and 17that the defendant is the same person convicted of that felony. In attempting to do so, the State may present: (1) testimony from witnesses; (2) expert opinion regarding the fingerprints of the defendant when compared with those in the prior record; (3) photographs in the duly authenticated record; or (4) evidence of identical drivers license number, sex, race and date of birth.
(Internal citations omitted).
An arrest register containing the defendant’s fingerprints, when admitted with a bill of information, matching the name, arrest date and item number from the arrest register, may be used in lieu of a fingerprinted bill of information to prove a prior conviction by a defendant. State v. Lindsey, supra; State v. Winslow, supra.
*490 In the instant case, a habitual offender hearing was held on May 13, 2010. During the hearing, the state presented evidence that a Clarence Smith, Jr. was arrested for a simple robbery committed on April 23, 2006. The state introduced the following documents into evidence: (1) a bill of information charging the defendant with simple robbery in docket number 06-F2159-1, along with the defendant’s fingerprints; (2) a certified copy of the minutes of docket number 06-F2159-1, evidencing that the defendant pled guilty and was sentenced on September 25, 2008; (3) the booking report of the defendant in docket number 06-F2159-1, which included his date of birth, social security number, sex, race, fingerprints and photograph.
Deputy Renee Johnson of the Ouachita Parish Sheriffs Department was accepted by the court as an expert in fingerprint identification and comparison. Deputy Johnson’s testimony established that the defendant convicted of simple robbery on September 25, 2008, in docket number 06-_jF2159-l8 is the same defendant arrested for armed robbery in the instant case.
After reviewing the record, we find that the state submitted sufficient evidence to prove that the defendant was the same person who was convicted of simple robbery on September 25, 2008. The record in the instant matter shows that the defendant’s date of birth, social security number, sex, race and fingerprints were identical to those of the person who committed the offense in the prior matter. This assignment lacks merit.

Excessive Sentence

The defendant also contends the sentence imposed is excessive for this offense, given the mitigating factors of his age and that he is the father of young children. The defendant also argues that the trial court disregarded the fact that he was not the person who was actually holding the weapon during the robbery.
We first note that the defendant failed to make or file a motion to reconsider sentence. When a defendant fails to timely file a motion to reconsider sentence under LSA-C.Cr.P. art. 881.1, the appellate court’s review is limited to the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Richie, 44,783 (La.App.2d Cir.10/28/09), 25 So.3d 879, writ denied, 2009-2492 (La.4/30/10), 34 So.3d 280.
A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 2002-0333 (La.4/9/03), 842 So.2d 330; State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710.
In the instant case, the defendant was convicted of first degree robbery. LSA-R.S. 14:64.1(B) provides:
*491 B. Whoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years, without benefit of parole, probation or suspension of imposition or execution of sentence.
However, since the defendant was adjudicated a second-felony offender, he was subjected to an enhanced penalty under LSA-R.S. 15:529.1, which, at the time of the commission of this offense, provided, in pertinent part:
A. Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony -within this state, upon conviction of said felony, shall be punished as follows:
110(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction[.]
[[Image here]]
Accordingly, under LSA-R.S. 15:529.1(A)(1), the defendant was subject to a sentence of not less than 20 years and not more than 80 years at hard labor, without benefit of probation, parole or suspension of sentence.[3]
Prior to imposing the sentence, the trial court ordered and reviewed a presentence investigation report (“PSI”) and noted the provisions of LSA-C.Cr.P. art. 894.1. The court noted the defendant’s significant criminal history, given his young age (22 years old) and noted that his criminal conduct was of an escalating nature. While the court took notice of the fact that the defendant had three young children, it also noted the defendant’s failure to provide support for those children. The court also found that there is an undue risk that the defendant will commit another crime and that any lesser sentence would deprecate the seriousness of the crime. Additionally, the court noted that the defendant took something of value from the victim while using threats of violence.
The court gave thorough reasons for imposing the sentence which, although lengthy, was within the statutory range for a second-felony [¶1 offender. The defendant’s conduct constituted a crime of violence which, at a minimum, posed a substantial threat that the victim could have suffered great bodily harm. Additionally, the defendant’s lengthy criminal history was deserving of special consideration as an aggravating factor. The present crime was committed approximately six months after the defendant was convicted of simple robbery, his first felony. Furthermore, after the defendant committed the present crime of conviction, he was stopped for careless operation of a vehicle, during which he fled from the officers and resisted arrest, conduct for which he currently has charges pending. The defendant also has charges pending for allegedly calling the victim in the instant matter prior to the trial in an attempt to dissuade him from testifying.
*492 The sentence imposed, 70 years at hard labor, is within the range of the 20 to 80 years mandated by statute for a second felony offense adjudication of first degree robbery. Although we note that the sentence is quite lengthy, we find no abuse of the trial court’s discretion.
CONCLUSION
For the foregoing reasons, we affirm the defendant’s conviction, adjudication as a second-felony offender and sentence.
CONVICTION AFFIRMED; ADJUDICATION AS SECOND-FELONY OFFENDER AFFIRMED; SENTENCE AFFIRMED.

. The tape of the 9-1-1 call reflects that the defendant told the operator that he had just been the victim of a robbery at gunpoint.

. In Cage, the Court held that a jury instruction which defined reasonable doubt as a "grave uncertainty" or an "actual substantial doubt” suggested a higher degree of doubt than that required for acquittal and that when considered in reference to "moral certainty” rather than evidentiary certainty, a reasonable jury could find the defendant guilty on a degree of proof less than a reasonable doubt. *489 Cage at 41, 111 S.Ct. at 329, 112 L.Ed.2d at 342.

. In State v. Dillard, 45,633 (La.App.2d Cir. 11/3/10), 55 So.3d 56, the defendant was convicted of first degree robbery and adjudicated a second-felony offender. This court found that the sentence imposed, 60 years in prison at hard labor without benefits, was not excessive. Similarly, in State v. Jackson, 31,-849 (La.App.2d Cir.3/31/99), 734 So.2d 54, the defendant was convicted of first degree robbery and adjudged a second-felony offender. He was sentenced to serve 50 years in prison, and this Court found that the sentence was not excessive.