FREDERICKA HOMBERG WICKER, Judge.
|2The defendant/appellant appeals the sentence on his multiple-offender adjudication. For the reasons that follow, the conviction and sentence are affirmed.
Procedural Background
On May 22, 2009, the defendant/appellant, Mr. Mark S. Cambrice, was sentenced to 25 years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence for first degree robbery in violation of La. R.S. 14:64.1.[1] On the same day, the State filed a multiple-offender bill of information alleging that Mr. Cambrice was a second felony offender. Mr. Cambrice admitted to the predicate offense of attempted possession of a firearm by a convicted felon and was subsequently adjudicated to be a second felony offender. The trial court vacated the 25-year sentence imposed on the underlying offense and resentenced Mr. Cambrice to 40 years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence.
|sMr. Cambrice lodged an appeal with this Court on January 13, 2010. On his first appeal, this Court noted that the “trial judge did not advise defendant of his right to a formal hearing at which the state must prove its case or of his constitutional right to remain silent.” State v. Cambrice, 10-26, p. 21 (La.App. 5 Cir. 4/26/11), 64 So.3d 363, 377. We, therefore, vacated the multiple-offender adjudication and sentence and remanded the case to the district court for a new multiple-offender hearing. Id.
On remand, the trial court conducted a new multiple-offender hearing wherein Mr. Cambrice was adjudicated to be a second felony offender. The trial court vacated the 25-year sentence previously imposed and resentenced Mr. Cambrice to 40 years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. In this present appeal, Mr. Cambrice challenges the excessiveness of his sentence.
Discussion
In this appeal, Mr. Cambrice contends that the 40-year sentence is excessive, noting that the record is void of any suggestion that the trial court considered the factors set forth in La.C.Cr.P. art. 894.1. He also notes that a presentencing report was not ordered and that the court failed to consider any mitigating factors before imposing sentence. Lastly, he contends that he suffered judicial vindictiveness in the sentencing. The State notes in its brief, however, that Mr. Cambrice failed to object to the sentence and failed to file a *934 motion to reconsider sentence once the sentence was imposed.
In State v. Evans, 09-0477, p. 11 (La.App. 5 Cir. 12/29/09), 30 So.3d 958, 965, writ denied, 10-0363 (La.3/25/11), 61 So.3d 653, this Court explained that “[w]here a new sentence has been imposed following vacation of a prior sentence, the defendant is required to file a new motion for reconsideration of sentence in the Ltrial court, in order to preserve appellate review of the newly-imposed sentence.” (citation omitted). Thus, the failure to file a motion to reconsider sentence or to state specific grounds upon which the motion is based, limits a defendant to a review of his sentence for constitutional excessiveness only. State v. Warmack, 07-311, p. 7 (La.App. 5 Cir. 11/27/07), 973 So.2d 104, 108. Because Mr. Cambrice did not object to the sentence or file a motion to reconsider, this appeal will only address whether his sentence is constitutionally excessive.
Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. State v. Lapell, 00-1056 (La.App. 5 Cir. 12/13/00), 777 So.2d 541. A sentence is considered excessive, even when it is within the statutory range, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. War-mack, supra, at 109. In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice. Id.
A trial judge has broad discretion when imposing a sentence and a reviewing court may not set aside a sentence absent a manifest abuse of discretion. State v. Dorsey, 07-0067, p. 5 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. Id. In reviewing a trial court’s sentencing discretion, three factors are considered: “1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts.” State v. Pearson, 07-0332, p. 15 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656.
In this case, Mr. Cambrice was convicted of first degree robbery after the State presented evidence to the jury that he entered a gas station, with what 15appeared to be a gun, and demanded money from the cashier. The trial judge who imposed the multiple-offender sentence was the same judge who imposed the sentence on the underlying offense. Thus, the trial judge was aware of the facts and circumstances surrounding the robbery in this case. Moreover, the record reflects that Mr. Cambrice has two prior convictions — attempted possession of a firearm by a convicted felon and possession of cocaine. Finally, the sentence imposed in this case is similar to the sentence imposed for similar crimes.
In Lappell, supra, the defendant appealed, arguing that his 30-year sentence on the multiple-offender bill was constitutionally excessive. In that case, the defendant was convicted of first degree robbery and was adjudicated to be a second felony offender. This Court affirmed the sentence, noting that “based on the facts of the case ... the sentence imposed was not constitutionally excessive.” Id. at 549. See also State v. Dillard, 45,633 (La.App. 2 Cir. 11/13/10), 55 So.3d 56 (the court affirmed a 60-year sentence for defendant who had been convicted of first degree robbery and adjudicated a second felony offender); and State v. Smith, 46,343 (La.App. 2 Cir. *935 6/22/11), 71 So.3d 485 (the court affirmed a 70-year sentence for defendant who had been convicted of first degree robbery and adjudicated a second felony offender).
In this case, Mr. Cambrice was charged with armed robbery but was convicted of the lesser included offense of first degree robbery. He had two prior felony convictions, thereby demonstrating his propensity to felonious behavior. As a second felony offender, Mr. Cambrice was exposed to a maximum 80-year sentence but only received a sentence of 40 years imprisonment. On appellate review, the relevant question is not whether another sentence might have been more appropriate, but whether the trial court abused its broad sentencing discretion. Dorsey, supra, at 1130. Based on the foregoing, we cannot say that the | fitrial court abused its broad discretion. Therefore, the conviction and sentence are affirmed.
Errors Patent Discussion
We have reviewed the record for errors patent in conformity with La.C.Cr.P. art. 920; and State v. Oliveaux, 312 So.2d 337 (1975). This Court performed an errors patent review of the original record in this ease at the time of Mr. Cambrice’s first appeal. He is, therefore, only entitled to an error patent review of the habitual offender proceedings following the remand from this Court. See State v. Yrle, 05-202, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1197, 1200. Our review of the habitual offender proceedings reveals that there are no errors that require corrective action.

AFFIRMED

. The facts leading up to Mr. Cambrice’s conviction and sentence were previously discussed by this Court in his first appeal. See State v. Cambrice, 10-0026 (La.App. 5 Cir. 4/26/11), 64 So.3d 363.