BROWN, Chief Judge.
11 Defendant, Christopher Lee Griffin, was charged by bill of information with aggravated incest in violation of La. R.S. 14:78.1, for acts occurring on June 9, 2012. The victim was his 14-year-old daughter. Griffin pled guilty as charged. Judge John M.[1] Robinson imposed the maximum sentence of 20 years at hard labor with a $25,000 fine and costs.[1] Thereafter, the state filed a habitual offender bill of information charging Griffin as a fifth-felony offender. Griffin filed a motion to quash. In an amended habitual offender bill, the state charged Griffin as a sixth-felony offender. Griffin again filed. a motion to quash. A hearing on the matter was held, after which the state dropped all prior felonies except for carnal knowledge of a juvenile and failure to register as a sex offender and contended that Griffin should be sentenced as a third-felony offender.
Griffin was subsequently adjudicated as a second-felony offender by Judge Robinson. Judge Robinson ruled that Griffin was a second-felony offender for purposes of the habitual offender proceeding. Judge Robinson stated that Griffin’s second offense, failure to register as a sex offender, required proof of the first offense, carnal knowledge of a juvenile, and that using both, prior felony convictions in a habitual offender bill would result in double enhancement. Judge Robinson retired before sentencing. Judge Charles E. Jacobs eventually sentenced Griffin to the maximum term for a second felony offender, which was 40 years at hard labor. Griffin’s motion to reconsider the sentence was denied. On appeal, Griffin asserts three assignments of error: insufficiency of the evidence to support a multiple | aoffender conviction, the failure of Judge Jacobs to recuse himself, and excessiveness of the sentence imposed.

Discussion

Insufficiency of the Evidence

The state' bears the burden of proof beyond a reasonable doubt in habitual offender proceedings. La. R.S. 15:529.1(D)(1)(b); State v. Collins, 48,782 (La.App.2d Cir.02/26/14), 186 So.3d 912, writ denied, 14-0645 (La.10/31/14), 152 So.3d 150. To obtain a multiple offender conviction, the state is required to prove that there is a prior felony conviction and that the defendant is the same person who was convicted of that prior, felony. The trial court’s .ruling at a habitual offender proceeding will only be reversed if it is clearly wrong. Id. Prima facie proof of a prior felony conviction may be established by compliance with La. R.S. 15:529.1(F) or by other competent evidence. State v. Lindsey, 99-3302 (La.10/17/00), 770 So.2d 339, cert. denied, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001); State v. Smith, 46,343 (La.App.2d Cir.06/22/11), 71 So.3d 485, writ denied, 11-1646 (La.01/13/12), 77 So.3d 950.
What constitutes competent evidence for purposes of a habitual offender proceeding varies from case to case. Methods available to prove that the defendant on trial is the same person convicted of the prior felony offense include the testimony of witnesses, expert opinion as to the fingerprints of the accused when compared with those of the person previously convicted, photographs contained in a duly authenticated record, jaor evidence of iden *588 tical driver’s license number, sex, race and date of birth. State v. Collins, supra; State v. Smith, supra.
Based upon our review of the record, we find that the state produced sufficient evidence to prove beyond a reasonable doubt that Griffin was the same person who was convicted in Arkansas for failure to register. The state introduced many exhibits and documents linking Griffin to the failure to register conviction, including the transcript from Griffin’s November 8, 2008, guilty plea in Criminal Docket Number 2007-541-IV for failure to register as a sex offender. In that proceeding, Griffin stated his full name, Christopher Lee Griffin and his date of birth, May 9, 1979.
An arrest/disposition report reflecting the arrest of Griffin on August 24, 2007, accurately indicates Griffin’s date of birth, sex and race, height, weight, hair and eye color, state identification number— 3152374, bureau identification number, arrest tracking number — 4447835, and arrest and charge, but the report indicates an inaccurate social security number.[2] A certified bill of information from Garland County, Arkansas, charged Griffin with failure to register as a sex offender, a felony under Arkansas law. This bill of information accurately indicates Griffin’s full name, sex and race, date of birth, and state identification number. It also includes the same docket number as the transcript, and the same arrest date and arrest tracking number found on the arrest/disposition report. Attached to the bill of information is an affidavit accurately stating Griffin’s social security number as xxx-xx-4655.
|4The state offered the undated certified fingerprint card sent by Garland County’s Clerk of Court to prove that Griffin was the same person arrested on August 24, 2007. The fingerprint card matched Griffin’s information found on the arrest/disposition report, including his name, date of birth, race and sex, height and weight, hair and eye color, and state identification number. The fingerprint card includes the same arrest tracking number as on the arrest/disposition report and bill of information. The social security number included on the fingerprint card was inaccurate, but it was the same inaccurate social security number as on the arrest/disposition report. Attached to the fingerprint card is an FBI identifier which showed that Garland County was sending fingerprints of a person they arrested on August 24, 2007, for failure to register as a sex offender.[3]
If the fingerprint card contains a substantial amount of identical specifics and details with the arrest report, it will be sufficient to link it to the prior felony conviction. State v. Langlois, 96-0084 (La.App. 4th Cir.05/21/97), 695 So.2d 540, writ granted in part and remanded on other grounds, 97-1491 (La.11/14/97), 703 So.2d 1281. As it pertains to Griffin, there is sufficient connexity between the fingerprint card, arrest/disposition report, and the bill of information. All three include Griffin’s name, date of birth, sex and race, state identification number, and the same arrest tracking number. The state proved, through Detective Jackson of the Bossier Parish ^Sheriff’s Office, that Griffin’s fingerprints matched the ones found on the fingerprint card.
*589 Taking into consideration the plethora of information linking defendant to the 2008 Arkansas conviction of failure to register as a sex offender, we find that this assignment of error has no merit.

Recusal

Griffin contends that Judge Jacobs’ participation in this case as an attorney for the state mandated Judge Jacobs’ recusal from the case sua sponte and his failure to do so requires that this matter be remanded for resentencing. As an assistant district attorney, Judge Jacobs signed the bill of information and discovery responses in the present matter.
A trial judge is presumed to be impartial, and the burden is on the defendant to prove otherwise. State v. White, 42,725 (La.App.2d Cir.10/24/07), 968 So.2d 901; State v. Dooley, 38,763 (La.App.2d Cir.09/22/04), 882 So.2d 731, writ denied, 04-2645 (La.02/18/05), 896 So.2d 30.
La. C. Cr. P. Article 671 provides, in pertinent part that:
(A) In a criminal case a judge of any court, trial or appellate, shall be recused when he:
(3) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter’s employment in the cause.
La. C. Cr. P. Article 674 provides, in pertinent part that:
A party desiring to recuse a trial judge shall file a written motion therefor assigning the ground for recusation. The motion shall be filed prior to commencement of the trial unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed |fiimmediately after the facts are discovered, but prior to verdict or judgment.
Whether a clear violation of La. C. Cr. P. art. 671(A)(3) imposes a duty on the trial judge to recuse himself sua sponte in the absence of a motion by the defendant, has not been affirmatively addressed by Louisiana jurisprudence. Typically, when a defendant has failed to timely move for a trial judge’s recusal, he waives his right to demand the judge’s recusal. State v. Franks, 45,818 (La.App.2d Cir.11/03/10), 55 So.3d 34, writ denied, 11-0107 (La.11/18/11), 75 So.3d 451. In State v. Connolly, 06-0540 (La.06/02/06), 930 So.2d 951, 954-55, however, the Louisiana Supreme Court, citing People v. Julien, 47 P.3d 1194 (Colo.2002), stated that, in the absence of a showing of specific bias or prejudice, a trial judge “must disqualify himself sua sponte or in response to a motion to recuse only if facts exist tying the judge to personal knowledge of disputed evidentiary facts concerning the proceeding, some supervisory role over the attorneys who are prosecuting the case, or some role in the investigation and prosecution of the case during the judge’s former employment.” (Emphasis ours).
In Connolly, supra, the court stated: “While disqualification of Judge Leonard appears to have been proper, recusal of Judge Porter is not required by La. C. Cr. P. art. 671(A)(3) because he did not share Judge Leonard’s direct involvement as an assistant district attorney in relator’s prosecution and otherwise had no supervisory role in the case.”
Although, under La. C. Cr. P. art. 674, Griffin arguably waived his right to demand Judge Jacobs’ recusal by failing to move for recusal before | imposition of his sentence, we find that Judge Jacobs should have recused himself sua sponte, on his own accord. Judge Jacobs’ signature on the bill of information and discovery response indicates that he had “some role in the investigation and prosecution” of Grif *590 fin’s instant case. It is of no consequence that Judge Jacobs’ participation in the prosecution of Griffin’s case was minimal, or that Griffin failed to show actual prejudice. Cf. State v. Sede, 08-547 (La.App. 5th Cir.02/10/09), 8 So.3d 702, writ denied, 09-1028 (La.03/05/10), 28 So.3d 1006.
Furthermore, we do not believe that Judge Jacobs’ failure to recuse himself can be considered harmless error since Judge Jacobs had discretion to sentence Griffin anywhere between 10 years at hard labor, which is the minimum allowable sentence Griffin was eligible for under La. R.S. 15:529.1, and 40 years at hard labor, which was the maximum allowable sentence. In State v. Sede, supra, the court found that the trial judge’s failure to self recuse was harmless error due to the trial judge having no discretion over the defendant’s sentence, which had been negotiated as part of a plea deal.

Conclusion

Considering the aforementioned, we affirm defendant’s adjudication as a second-felony offender. Further, we find that the trial judge erred by not recusing himself sua sponte and, as such, we remand for resentencing as a second felony offender before another judge of the 26th Judicial District Court. Discussion of the final issue, excessiveness of Griffin’s sentence, is pretermitted.

. Costs included preparation of the PSI and restitution for all counseling and expenses.

. The arrest report and fingerprint card, S-20 and S-22, state that Griffin's social security number is xxx-xx-4699. Griffin’s actual social security number is xxx-xx-4655.

. The FBI identifier states that the fingerprints belong to a person with a tribal rose tattoo on his left arm. The arrest report indicates that Griffin has a tribal rose tattoo on his left arm.