PER CURIAM:
 Denied. Relator fails to show the state withheld material exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and/or that he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We attach hereto and make a part hereof the District Court’s written reasons, issued August 7, 2015, denying relief. See also State v. Cambrice, 15-0665 (La. App. 5 Cir. 11/30/15) (unpub’d) (“First, we note that defendant did not lodge an objection to the admission of the ‘other evidence’ of which he now complains. A defendant cannot avail himself of an alleged error unless he made a contemporaneous objection at the time of the error. La. C.Cr.P. art. 841(A); State v. Patin, 13-618, p. 11 (La.App. 5 Cir. 9/24/14), 150 So.3d 435, 441. Further, our review of the transcript does not reveal that the trial court failed to conduct the evidentiary hearing in compliance with this Court’s purpose on remand or that the defense was denied due process.”).
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
Attachment
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA
NO. 07-7143
DIVISION “ F ”
STATE OF LOUISIANA
VERSUS
MARK CAMBRICE
FILED: 8*2*2015

/s/

DEPUTY CLERK
ORDER
This matter comes before the court on the petitioner’s APPLICATION FOR POST-CONVICTION RELIEF.
*484 This opinion follows an evidentiary hearing held on June 24, 2015. In addition to the testimony and evidence presented at that hearing, the Court has reviewed the post hearing briefs from both parties.
The background of this case is important. The petitioner was charged with the armed robbery of Frances Glapion, On May 13, 2009, the petitioner was convicted of LSA-R.S. 14:64.1, first degree robbery, a responsive verdict On May 22, 2009 the court sentenced him to 25 years imprisonment at hard labor. On May 29, 2009 the court found petitioner to be a second, felony offender and re-sentenced him to 40 years imprisonment at hard labor.
On original appeal, the Fifth Circuit Court of Appeal affirmed the conviction, vacated die multiple offender finding and sentence, and remanded to the trial court for a new habitual offender hearing. Slate v. Cambrice, 10-26 (La.App. 5 Cir. 4/26/11), 64 So.3d 363, writ denied, (La. 3/23/12), 84 So.3d 568.
On July 15, 2011, the court found the petitioner to be a second felony offender and sentenced him to 40 years imprisonment as a multiple offender. Subsequently, the Fifth Circuit affirmed the multiple offender sentence on appeal. State v. Cambrice, 12-60 (La.App. 5 Cir. 10/16/12), 102 So.3d 931; writ denied, 2012-2451 (La. 6/14/13), 118 So.3d 1078.
Subsequently, the petitioner filed a pro se application for post-conviction relief, alleging the following claims:
1. The State withheld favorable exculpatory evidence, including time-stamped surveillance footage and police reports.
2. Refusal to give special jury instruction prejudiced petitioner’s substantial lights and 14th amendment protections.
3. Ineffective assistance of counsel at trial and on appeal.
This court denied each, of these claims on July 15, 2014, The petitioner sought writs and, in a two-to-three decision, the Court of Appeal ordered an evidentiary hearing- for the sole purpose of “determining questions of fact concerning the video surveillance footage at issue that cannot be properly resolved pursuant to a summary disposition.” Thus the second ground for relief is no longer an issue, as it was previously denied by this court.
On remand, this court appointed counsel for petitioner and conducted, the evidentia-ry hearing on June 24, 2015. At the eviden-tiary hearing, testimony from the petitioner and Detective Richard-Broussard was presented. The surveillance footage was shown and still photographs admitted. The court took judicial notice of portions of the appellate record.
After reviewing the comprehensive briefs of counsel as well as the testimony and other evidence submitted at the evi-dentiary hearing, the court is able to render rulings on all open post-conviction claims.

Issue One: The State withheld favorable exculpatory evidence, including timestamped surveillance footage and police reports.

The petitioner’s first claim is that the State, withheld exculpatory evidence, namely a computer disc containing video recordings and photographs of the robbery, (In briefs, counsel for the state refers to the disc as a CD, while counsel for the defense refers to the disc as a DVD.) At the evidentiary hearing, the disc was introduced as a joint exhibit.
On the first issue, the question of withholding of evidence favorable to the defense, the evidence presented at the evidential hearing establishes both that the *485 State disclosed the evidence in its possession and that the evidence at issue was not exculpatory.
It was clearly established at the eviden-tiary hearing (and introduced as Exhibit S-4) that the compact disc contains three files, one which was a video segment from the gas station and two which were still photographs from cameras in different locations. The video portion can be played at different speeds, one being from 8 to 9 seconds long, the other being approximately thirty-eight seconds in length. Counsel stipulated at the evidentiary hearing that the nine-second video covers a thirty-second time period. (Tr. p. 40).
The evidence established at the eviden-tiary hearing conclusively demonstrates that the evidence on the disc was not withheld from the defense prior to trial. Jefferson Parish Shenff s Office Detective Richard Broussard testified at the hearing that he made a copy of the disc that he opened and checked each file for completeness, and that he delivered the disc, to the office of petitioner’s, defense attorney, Bruce Netterville. In addition, detective Broussard testified that, at the request of defense counsel, he showed the contents of the disc to the defendant, emphasizing that “Everything that was on the disc was shown to him.” (Tr. p. 45). Interestingly, Mr. Netterville did not testify at the evi-dentiary hearing.
The evidence, established at the eviden-tiary hearing conclusively demonstrates that the photographic and video evidence on the disc was not exculpatory. All files from the disc were played at the evidentia-ry hearing. The action inside the gas Station that is seen, is consistent with the victim’s trial testimony that a robbery occurred, with the defendant showing a gun in a black pouch. Notably, the video shows the cashier emptying the register and giving the money to the defendant. The video ..does riot show the defendant paying for gas, as even the defendant admitted at the hearing.
As the state points out in brief the action that is seen in the video footage is consistent with the defendant’s confession to polite that lie robbed the victim but that it “wasn’t a real gun.” At the evidentiary hearing, the petitioner admitted that he told investigating officers that he robbed the victim but that he did not tell police he had a gun. (Tr. p. 35).
In reaching a ruling, this court notes that it is fundamental and Well-Settled law that the prosecution must disclose, on request, material evidence which is favorable to a criminal defendant. Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
More than an allegation is required however, and a true Brady violation has three components. “The evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued,” Strickler v. Greene, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 1948, 144 L.Ed.2d 286, 144 L.Ed. 23 286 (1999).
Even a discovery violation involving the slate’s failure to disclose exculpatory evidence does not require reversal as a matter of the Due Process Clause “unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict.” Strickler, 527 U.S. at 281, 119 S.Ct. at 1948. The Supreme Court has clearly stated that the “Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense. Kyles v. Whitley, 514 U.S. 419, 436, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).
*486 The evidence introduced in this case does not demonstrate that the evidence at issue was exculpatory or that it was withheld. The petitioner fails to meet the strict requirements of Brady, Strickler, or Kyles. The court will deny post-conviction relief on this claim.
Issue Two: Refusal to give special jury instruction prejudiced petitioner’s substantial rights and 14th amendment protections.
This court denied this claim an July 15, 2014. As noted above, the Fifth Circuit Court of Appeal remanded and ordered an evidentiary hearing for the sale purpose of “determining questions of fact concerning the video surveillance footage at issue that cannot be properly resolved pursuant to a summary disposition.”
Because the scope of the evidentiary hearing was limited, the petitionex-’s second ground for post-conviction relief is no longer at issue, as it was previously denied by this court, with that finding undisturbed by die Court of Appeal.

Issue Three: Ineffective assistance of counsel at trial and on appeal.

As an alternative argument, the petitioner argues dial his trial attorney, A Bruce Netterville, was constitutionally ineffective because he did not investigate and did not discover exculpatory evidence. He also argues that his appellate attorney was constitutionally ineffective.
In brief, post-conviction counsel for the petitioner contends that only the nine-second clip was played to die defense prior to trial. The court, however, finds credible the testimony of Detective Broussard that he played all portions of the compact disc prior to trial. Thus the court finds that, prior to trial defense counsel was aware of the evidence against his client.
The law of ineffective assistance of counsel is frequently cited, Under the well-known standard set out Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and State v. Washington, 491 So.2d 1337 (La. 1986), a conviction must be reversed if the petitioner proves (1) that counsel’s performance fell below an objective standard of reasonableness under prevailing, professional norms, and (2) counsel’s inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect, State v. Legrand, 2002-1462 (La. 12/3/03), 864 So.2d 89.
To be successful in arguing ineffective assistance of counsel, a post-conviction petitioner must prove deficient performance to the point that counsel is not functioning as counsel within the meaning of the Sixth Amendment A petitioner must also prove actual prejudice to the point that the results of tile trial cannot be trusted. It is absolutely essential that both prongs of the Strickland test must be established before relief will be granted by a reviewing court.
Furthermore, there is a strong presumption that counsel’s performance within the wide range of effective representation. Significantly, effective counsel does not mean errorless counsel and the reviewing court does not judge counsel’s performance with the distorting benefits of hindsight, but rather determines whether counsel was reasonably, likely to render effective assistance. State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075.
Bruce Netterville is an experienced criminal defense attorney, appearing in hundreds of criminal cases in tins jurisdiction. Mr. Netterville was not called as a witness and the testimony establishes to the court’s satisfaction that he Was awax-e of the evidence against the petitioner prior to trial. The petitioner’s present argument *487 does not prove deficient performance by Mr. Netterville or that the results of the proceedings would have been different.
The petitioner also contends that his attorney on original appeal was ineffective. Although the petitioner does not re-brief this claim following the evidentiary hearing, his application for post-conviction relief alleges Martin E, Regan represented him on appeal. The petitioner contends appellate counsel should have conducted investigations, should have raised matters of defense that could have been developed, and failed to discuss options with the petitioner.
The law on appellate representation is also frequently cited. In 'reviewing claims of ineffective assistance of counsel on direct appeal, the Supreme Court of the United States has expressly observed that appellate counsel “need not advance every argument, regardless of merit, urged by the defendant. Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The Court gives great deference to professional appellate strategy and applauds counsel for “winnowing out weaker arguments on appeal and focusing on one central issue if possible, and at most a few key tones, Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). This is true even where the weaker arguments have merit, Id. at 751-2, 103 S.Ct. 3308.
When the claim of ineffective assistance of appellate counsel is based on failure to raise the issue on appeal, the prejudice prong of the Strickland test requires the petitioner to establish that the appellate court would have granted relief had the issue been raised. United States v. Phillips, 210 F.3d 345, 350 (5 Cir. 2000).
Appellate counsel, Martin E. Regan, is an experienced criminal attorney. The record reveals a well-written appellate brief zealously advocating for the best interest of his client. As shown above, the petitioner has failed to establish that he would, have prevailed on appeal had other issues been raised.
In summary, the specific claims raised in this portion of the application for post-conviction are that counsel at trial and on appeal were ineffective. Ineffectiveness claims must be evaluated with consideration of the entire body of law that; applies. As always, “[s]urmounting Strickland’s high bar is never-an-easy task.” Padilla v. Kentucky, 559 U.S 356, 372, 130 S.Ct. 1473, 1486, 176 L.Ed.2d 284 (2010). A finding of ineffective assistance of counsel requires that both prongs be established. The petitioner has failed to meet his burden of proving either deficient performance or prejudice.
CONCLUSION
In all aspects of post-conviction, the burden of proof is on the petitioner, LSA-C.Cr.P. art, 930.2.
The court has carefully reviewed the entire record, read the opinions of the Fifth Circuit (appeal and writ decision), viewed the witnesses mid evidence introduced at the evidentiary hearing, and evaluated the briefs submitted by parties. After Careful consideration, the court finds that the petitioner did not meet his burden of proof. Post-conviction relief will be denied.
Accordingly,
IT IS ORDERED BY THE COURT that application for post-conviction relief be and is hereby DENIED.
Gretna, Louisiana this of 4th day of August, 2015.

/s/

JUDGE
PLEASE SERVE:
*488 DEFENDANT: Mark Cambrice, DOC # 355549, Rayburn Correctional Center, 272668, Hwy, 21, Angie, LA 70426
COUNSEL: J. Thomas Beasley, 3110 Canal St., New Orleans, LA 70119
DISTRICT ATTORNEY’S OFFICE: Andrea F. Long, Megan L, Gorman, Terry Boudreux, 200 Derbigny St., Gretna, LA 70053