CRICHTON, J.,
additionally concurs and assigns reasons:
hi agree with this Court’s grant in part and remand order for the trial court to conduct an evidentiary hearing on relator’s claim of ineffective assistance of appellate counsel. On direct review, the appellate court affirmed relator’s conviction for manslaughter and sentence of twenty-five years imprisonment at hard labor. State v. Francis, 2011-1082 (La. App. 4 Cir. 11/7/12), 2012 WL 6619022 (unpub’d). To that court, appellate counsel had raised two assignments of error regarding character evidence and authenticity of evidence.[1] Now, on collateral review, part of relator’s complaint is that appellate counsel was ineffective by failing to present claims of insufficient evidence and excessive sentence. I write separately to spotlight compelling reasons an evidentiary hearing is necessary to determine whether the appellate court “would have granted .relief had the issue[s] been raised.” State v. Cambrice, 2015-2362, p. 6 (La. 10/17/16), 202 So.3d 482, 487.[2]
Relator Rudy Francis underwent two jury trials which resulted in hung juries and mistrials; it was only upon the third jury trial that he was found guilty of a responsive verdict. Under these circumstances, I find it stunning that appellate 12counsel did not raise a claim of insufficient evidence. In fact, the evidence as summarized by the court of appeal, in my view, presents a worthy question of whether relator acted in self-defense.
I also believe an evidentiary hearing is necessary here to evaluate whether appellate counsel should have raised the claim of excessive sentence. In his dissent in part from the court of appeal ruling, Judge Bonin noted that “the trial judge sentenced [relator] without affording him the statutorily mandated delay from the time *706 of conviction until sentencing, and [relator] did not waive the delay.” Francis, 2011-1082 at p. 10 (Bonin, J., concurring in part and dissenting in part). Yet the majority found the failure of the trial judge to observe the delay mandated by Lá. C.Cr.P. art. 873 harmless because relator did not complain of his sentence on appeal. Id. at p. 6. Whether the appellate court would have granted relator relief on that issue is open for debate but perhaps, under the circumstances of this case, it should have been asserted.
Given the particular facts and circumstances delineated in the court of appeal opinion, I believe appellate counsel may have missed the proverbial forest for a couple of trees.

. The appellate counsel's assignment of errors were: (1) The Trial court erred when it permitted the prosecution to question the defendant and witness regarding a prior arrest for which the defendant was never convicted; (2) The Trial court erred when it allowed the prosecution to elicit testimony of motive concerning an alleged promissory note written in favor of the victim by the defendant without requiring the prosecution to produce the actual promissory note. Francis, 2011-1082 at pp. 7, 10.

. See also Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which provides that a conviction must be reversed if the petitioner proves (1) that counsel's performance fell below an objective standard of reasonableness under, prevailing, professional norms, and (2) counsel’s inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect.