Judgment rendered November 20, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,866-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

TONY D. JAMES                         Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 358,494

Honorable Katherine C. Dorroh, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By:  Mary Constance Hanes

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

JASON W. WALTMAN
REBECCA ARMAND EDWARDS
Assistant District Attorneys

* * * * *

Before STEPHENS, THOMPSON, and ELLENDER, JJ.

**THOMPSON, J.**

Tony D. James appeals his convictions and consecutive sentences of five years for one count of indecent behavior with juveniles, and twenty years each for two counts of indecent behavior with a juvenile under the age of 13. James argues that trial counsel rendered ineffective assistance in failing to file a motion to reconsider the sentences, and that his sentences are excessive under the circumstances, despite the tender ages of his young victims, two of whom were his biological children, and one was his stepchild. For the reasons provided in greater detail below, James' convictions and sentences are affirmed, and the case is remanded to the trial court with instructions to correct the minutes regarding his sentences.

## FACTS

Tony D. James ("James") lived in Shreveport, Louisiana, with Erica McCray ("McCray") and four children – L.M. (male born in 2004), M.J. (female born in 2008), D.J. (male born in 2010), and E.M (female born in 2013). The oldest child, L.M., was McCray's child from a previous relationship; the three younger children were James and McCray's biological children. In 2018, for reasons not disclosed in the record, all four of the children were placed in foster care and went to live with Tiffany Alexander ("Alexander"), McCray's sister and their aunt. During this time period, M.J. told Alexander that her father, James, touched her and her sister inappropriately. Alexander immediately reported the matter to the Department of Children and Family Services ("DCFS"). All four of the children were interviewed, and they reported to DCFS that they were inappropriately touched by their father. A police investigation followed, which included an interview with James.

As a result of the investigation, James was charged with one count of indecent behavior with juveniles (relating to L.M.), in violation of La. R.S. 14:81(A), and two counts of molestation of a juvenile under the age of 13 (relating to M.J. and D.J.), a violation of La. R.S. 14:81.2(D)(1). Following a hearing on whether James' statement to investigators was given freely and voluntarily, his trial commenced in August of 2020.

At trial, Siera Cocherell with DCFS testified that she investigated the allegations of sexual abuse of M.J. and D.J by meeting with the children at their school. Cocherell testified that D.J reported James inserted a finger into his anus and groped his penis, and M.J. reported that he put a finger in her vagina. Cocherell visited Alexander's home and interviewed the other two siblings, L.M. and E.M. L.M. reported being beaten and was told to take photos of his mother and father having sexual intercourse. E.M. (age 4 at the time) reported to DCFS that James stuck his finger in her vagina in the bathtub. Cocherell testified that following her interviews with the children, she contacted the Shreveport Police Department ("SPD") and made a formal report.

During the police investigation, the children underwent forensic interviews at the Gingerbread House Children's Advocacy Center[1] with forensic interviewer, Lacie Hadley, and their recorded interviews were introduced into evidence at trial. Hadley testified that L.M., D.J., and M.J. made disclosures during their interviews. After the forensic interviews, Det.

---

[1] The Gingerbread House Children's Advocacy Center is a community-based, 501(c)(3) non-profit organization that works in close collaboration with local law enforcement, child protective services, the district attorney's offices, and medical and mental health professionals to provide services for abused children and their families.

De'Andre Belle with SPD obtained a search warrant for James' residence in Shreveport.

Detective Jess Camp with SPD assisted in executing the warrant and testified that he located a DVD with a cover photo of James with his penis exposed and another photo of a juvenile female. During Det. Belle's testimony, various photographs that were recovered during the investigation were identified, including photos showing James in the nude, holding his penis, and with a marijuana blunt. Children were present in many of the photos. There were also photographs of James and McCray in the nude and simulating sexual intercourse. Patricia Roberson, McCray's aunt, testified at trial that she had seen pictures of adults in sexual positions on the living room wall of the home where McCray lived with James and the children. Roberson described the home as "all messed up" with no food or utilities.

Three of the minor victims testified at trial. L.M., who was age 15 at trial, testified that he began living with his aunt around age 12 or 13, and prior to that, he lived with his mother and James. He testified that he took photographs of his mother and James in the nude and that he could see their genitals. D.J., who was age 10 at trial, and M.J., who was age 12 at trial, testified that James was their father. During their testimony, their forensic interviews from the Gingerbread House were played for the jury. In his interview, D.J. disclosed that his father, James, touched his private parts and those of his siblings. D.J. said that his father took nude pictures of them and hung them on the living room wall along with nude photographs of his mother and James. M.J. disclosed that her father touched her private part and "butt" while her mother watched, and that he started doing it to her when she was 9 years old. She also said he touched the private parts of her

siblings and took nude photos of them to hang on the wall.  During their live testimony, D.J and M.J. stated that they told the truth in their forensic interviews.

James' interview with Det. Belle was also introduced into evidence. During the interview, James admitted that his kids were in the same room with him when he took nude photographs.  James stated that he and McCray allowed her son, L.M., to take nude photographs of them, which he hung on his bedroom wall.  In the interview, James denied touching the children.

On August 19, 2020, the jury returned a unanimous verdict, finding James guilty as charged with indecent behavior with juveniles on count 1, and guilty of the lesser offense of indecent behavior with juveniles under the age of 13 on counts 2 and 3.  On September 3, 2020, the trial court sentenced James as follows:

- Count 1 – Five years at hard labor and $2,500 fine.[2]

- Count 2 – 20 years at hard labor, two years to be served without benefit of probation, parole, or suspension of sentence.

- Count 3 – 20 years at hard labor, two years to be served without benefit of probation, parole, or suspension of sentence. [3]

The trial court ordered the sentences on all counts to run consecutively with each other but concurrently with James' sentence in a prior case.  The record shows that the minute entry is inconsistent with the sentencing transcript; the minutes provide that the sentence on Count 1 is to run concurrently with the sentences on Counts 2 and 3.

---

[2] The sentencing range for Count 1 is a fine of not more than $5,000; imprisonment for not more than 7 years, with or without hard labor, or both.

[3] The sentencing range for Counts 2 and 3 is imprisonment for not less than 2 years, but not more than 25 years, at hard labor, with at least 2 years without benefit of probation, parole, or suspension of sentence.

On July 14, 2023, James filed a pro se application for post-conviction relief requesting an out-of-time appeal on the ground that his appointed trial counsel did not file a motion for appeal as he requested. The trial court granted the motion for appeal and the Louisiana Appellate Project was appointed to represent him, and this appeal followed.

## DISCUSSION

On appeal, James asserts three assignments of error:

**Assignment of Error No. 1: There is a discrepancy between the sentencing transcript and the minute entry regarding Count 1.**

James argues that if this Court does not vacate the sentences as requested in the following assignments of error, this Court should remand the matter to the trial court with instructions to amend the minutes and the commitment order to accurately reflect the sentences imposed in the transcript. The trial court ordered James' sentences on all counts to run consecutively with each other but concurrently with his sentence in a prior case. The minute entry is inconsistent with the sentencing transcript; the minutes provide that the sentence on Count 1 is to run concurrently with the sentences on Counts 2 and 3.

When there is a discrepancy between the minutes and the transcript, the transcript prevails. *State v. Lynch*, 441 So. 2d 732 (La. 1983); *State v. Burns*, 53,250 (La. App. 2 Cir. 1/15/20), 290 So. 3d 721. Accordingly, on remand the trial court shall order that the minute entry for September 3, 2020, be corrected to reflect that the sentences on all counts run consecutively with each other but concurrently with James' sentence in his prior case.

**Assignment of Error No. 2**: Tony James's trial counsel rendered ineffective assistance in failing to file a motion to reconsider the sentences and thereby preserve the sentencing issues for appeal.

James argues that his appointed trial counsel rendered ineffective assistance of counsel by failing to file a motion to reconsider the sentence and properly preserve the sentencing issue for appeal. James argues that due to his counsel's failure to file a motion to reconsider sentence, his appeal is now limited to a claim of constitutional excessiveness; he cannot raise the district court's failure to comply with La. C. Cr. P. art. 894.1. James asserts that there could not have been a strategic reason for counsel's failure to file a motion to reconsider the sentences, and there is a reasonable probability that the sentences imposed would have been different had the motion been filed.

The Supreme Court set out the two-prong test for a defendant claiming ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984): that counsel's performance was deficient; and the deficiency prejudiced his defense. *State v. Hilliard*, 52,652 (La. App. 2 Cir. 8/14/19), 278 So. 3d 1065, *writ denied*, 19-01701 (La. 7/24/20), 299 So. 3d 68. Both the Louisiana and federal constitutions guarantee a criminal defendant's right to the effective assistance of counsel. U.S. Const. Amend. VI; La. Const. art. 1, § 13; *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); *State v. Brooks*, 94-2438 (La. 10/16/95), 661 So. 2d 1333; *State v. Bayles*, 53,696 (La. App. 2 Cir. 11/17/21), 329 So. 3d 1149. Under the standard for ineffective assistance of counsel set out in *Strickland v. Washington, supra*, adopted by Louisiana's Supreme Court in *State v. Washington*, 491 So. 2d 1337 (La. 1986), a reviewing court must reverse a conviction if the defendant establishes that counsel's performance fell below an objective

6

standard of reasonableness under prevailing professional norms, and counsel's inadequate performance prejudiced the defendant to the extent that the trial was rendered unfair and the verdict suspect. *State v. Ball*, 19-01674 (La. 11/24/20), 305 So. 3d 90; *State v. Bayles, supra*.

Claims of ineffective assistance of counsel are more properly raised in an application for post-conviction relief in the trial court because this provides the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. *State v. McGee*, 18-1052 (La. 2/25/19), 264 So. 3d 445; *State v. Ward*, 53,969, (La. App. 2 Cir. 6/30/21), 324 So. 3d 231. When the record is sufficient, however, allegations of ineffective assistance of trial counsel may be resolved on direct appeal in the interest of judicial economy. *Id.* We find that this record is sufficient to resolve James' claims.

James claims his trial counsel was ineffective because he failed to file a motion to reconsider sentence. The mere failure to file a motion to reconsider is not, in and of itself, error. A basis for ineffective assistance of counsel may be found only if a defendant can show a reasonable probability that, but for counsel's error, his sentence would have been different. *State v. Jackson*, 52,606 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1217, *writ denied*, 19-00699 (La. 10/15/19), 280 So. 3d 560, and *writ denied*, 19-00797 (La. 1/28/20), 291 So. 3d 1056. James' ineffective assistance of counsel claim lacks merit. As noted above, the mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective assistance of counsel. James failed to show a reasonable probability that his sentence would have been different, and therefore fails to satisfy the *Strickland* standard for proving ineffective assistance of counsel. James makes the conclusory assertion that there is a reasonable probability that his sentence would have

been different but does not provide any factual support for his contention. The trial court provided specific reasons justifying the sentences imposed, and those sentences are not constitutionally excessive. Accordingly, this assignment of error lacks merit.

**Assignment of Error No. 3**: **James' sentences for indecent behavior with juveniles (on Count 1) and indecent behavior with juveniles under the age of 13 (Counts 2 and 3) are excessive under the circumstances.**

James argues that his consecutive sentences of 20 years on counts 2 and 3, plus five years on count 1 – for a total of 45 years – are excessive under the circumstances. The sentencing range for counts 2 and 3 is imprisonment for not less than 2 years, but not more than 25 years, at hard labor, with at least 2 years without benefit of probation, parole, or suspension of sentence. James asserts that the trial court did not individualize his sentences. James notes that the record lacks anything relating to his personal history, aside from his age. James argues the trial court should have considered his mental, emotional, and physical health. The trial court failed to order a presentence investigation ("PSI") report and only focused on the facts relating to the current offenses in determining James' sentences, failing to consider any mitigating factors. James notes that the jury did not find him guilty of the more serious charge of molestation of juveniles, finding him guilty of the lesser included offense of indecent behavior with juveniles.

As addressed above, no motion to reconsider sentence was made or filed in the instant case. When a defendant fails to timely file a motion to reconsider sentence under La. C. Cr. P. art. 881.1, the appellate court's review is limited to the bare claim of constitutional excessiveness. *State v. Mims*, 619 So. 2d 1059 (La. 1993); *State v. Passaniti*, 49,075 (La. App. 2

8

Cir. 6/27/14), 144 So. 3d 1220, *writ denied*, 14-1612 (La. 3/6/15), 161 So. 3d 14; *State v. Smith*, 46,343 (La. App. 2 Cir. 6/22/11), 71 So. 3d 485, *writ denied*, 11-1646 (La. 1/13/12), 77 So. 3d 950. Under constitutional review, a sentence can be excessive, even when it falls within statutory guidelines, if the punishment is so grossly disproportionate to the severity of the crime that it shocks the sense of justice and serves no purpose other than to inflict pain and suffering. *State v. Anderson*, 55,550 (La. App. 2 Cir. 4/10/24), 383 So. 3d 1081, 1096–97; *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1.

In considering James' claim of constitutional excessiveness, we note that the record reflects the trial court thoroughly reviewed the facts established at trial prior to sentencing. The trial court found the photographs introduced to be "very disturbing," and the fact they were made in the presence of the children to be "nothing less than outrageous." Further, the trial court found all three factors under La. C. Cr. P. art. 894.1(A) to be applicable, necessitating James' confinement in a custodial environment, and did not find any mitigating factors to exist. The trial court found that James' conduct manifested deliberate cruelty to the victims, and that James knew or should have known the victims were particularly vulnerable or incapable of resisting due to their young age. Sadly, James used his status as the parent to facilitate the commission of the offense. The trial court additionally noted as aggravating factors the young ages of the children, their innocence, and the emotional scars they would suffer.

We acknowledge that the 20-year sentences are on the higher end of the sentencing ranges of not less than 2 years, but not more than 25 years at hard labor. However, the 20-year sentences do fall within the statutory guidelines and are *not* the statutory maximums. Further, James benefited

9

from a substantial reduction in his possible penalty when the jury returned responsive verdicts on counts 2 and 3. The jury clearly believed the abuse allegations of the children, and we find the sentences are not grossly disproportionate to the severity of the offenses and do not shock the sense of justice. The trial court tailored the sentences to the offense and recognized that James was the parent or stepparent of each of the victims. James fails to show that the trial court abused its discretion, and the sentences imposed are not constitutionally excessive. Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm the convictions and sentences of Defendant Tony D. James. We also remand with instructions for the trial court to correct the minute entry to accurately reflect the sentences imposed in the transcript ordering James' sentences on all counts to run consecutively with each other but concurrently with his sentence in a prior case.

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**